## SUPREME COURT.

### MICHAEL WARNER and others agt. ASA B. NELLIGAR.

By § 455 of the Code, the general provisions of the Revised Statutes, (2 R. S. 304, §§ 7, 8, 9 and 10,) relating to actions concerning real estate, are made applicable to actions brought under the Code, according to the subject matter of the action, and without regard to its form. It was intended to retain the convenient mode of *pleading* in these actions, as prescribed by the Revised Statutes.

It is enough, therefore, for the plaintiff, in an action to recover the possession of lands, to state, what estate he claims in the land, and that he was in possession on some day after his title accrued, and that the defendant, having afterwards entered into the possession, unlawfully withholds such possession from the plaintiff.

*Albany Special Term, April,* 1855.

MOTION to strike out, &c.

The action was brought to recover the possession of land. The plaintiffs stated that, on or about the 18th day of February, 1852, they were the owners, and lawfully possessed of the

lands and premises described, and claimed to hold the same in fee, "*under and by virtue of a deed thereof, executed by Gilbert Cropsey, late sheriff of Rensselaer, to the plaintiffs, on the said 18th of February, 1852, on a sale previously made by said sheriff of said premises, by virtue of several executions against said Nelligar.*" The latter clause, embraced in quotations, the defendant moved to strike out as irrelevant, &c.

G. VAN SANTVOORD, *for plaintiffs.*
WILLIAMS & KIPP, *for defendant.*

HARRIS, Justice. In *Lawrence* agt. *Wright*, (2 *Duer*, 673,) Mr. Justice DUER seemed to think it was to be regretted that, in all actions relating to real estate, a compendious form of pleading, like that authorized by the 166th section of the Code, had not been prescribed. The learned judge had evidently failed to observe that the legislature had done precisely what he was inclined to approve.

By the 455th section of the Code, adopted for the first time in the revision of 1849, it is declared, that "the general provisions of the Revised Statutes, relating to actions concerning real property, shall apply to actions brought under this act, according to the subject matter of the action, and without regard to its form." The language of this section is obviously sufficiently broad, and was, no doubt, intended to retain the convenient mode of pleading, in the actions to which it relates, prescribed by the Revised Statutes. (*See* 2 *R. S.* 304, §§ 7, 8, 9 and 10.) It is enough now, as it was before the adoption of the Code, for the plaintiff, in an action to recover the possession of land, to state what estate he claims in the land, and that he was in possession on some day after his title accrued, and that the defendant, having afterwards entered into the possession, unlawfully withholds such possession from the plaintiff. It was, therefore, quite unnecessary for the plaintiffs to superadd to these requisite allegations, a statement of the conveyance under which they claimed to hold the premises. The statement, however, is made in a single sentence of five lines,

and cannot, by any possibility, prejudice the defendant, or embarrass him in pleading.

While, therefore, I am inclined to grant the motion, on the ground that, technically, the matter is redundant, I do not think the plaintiffs should be charged with costs, especially as the decision in *Lawrence* agt. *Wright*, above cited, had left the question in some doubt as to the proper mode of pleading in such an action.