### MORROW *a.* COUGAN.

*New York Common Pleas ; Special Term, October,* 1856.

#### ANSWER.—WHEN FRIVOLOUS.

Where plaintiff sues in a representative capacity, and in his complaint only alleges in general terms that defendant is *indebted* to him for &c., &c., an answer denying knowledge or information sufficient to form a belief whether defendant is indebted to plaintiff, is not frivolous.

Motion to strike out an answer as frivolous.

This action was brought by Thomas B. Morrow, administrator of George Morrow, against Peter Cougan.

The substance of the pleadings is stated in the opinion.

*S. S. Freeman,* for the motion.

*John Baker,* opposed.

INGRAHAM, F. J.—The complaint sets forth the death of the intestate, the granting of letters of administration to the plaintiff, and that he is informed and believes that the defendant is indebted to him for coal sold by the intestate to the defendant.

The defendant answers that he has not sufficient knowledge or information to form a belief whether he is indebted to plaintiff, &c.

This answer the plaintiff moves to strike out as frivolous.

The complaint is very badly drawn, and although the Court of Appeals have held such a complaint to be good, still that form of pleading is not to be commended. When the plaintiff will persist in averring that the defendant is indebted to the plaintiff, instead of setting forth the contract upon which the indebtedness arises, he should not complain if the defendant takes issue upon such indebtedness.

In the present case the answer is by no means frivolous. The death of the intestate and the granting of letters to the plaintiff are necessary facts to be proven to establish the indebtedness of the defendant to the plaintiff, as well as the sale of the coal to the defendant; and although he may have knowledge enough to say whether or not he purchased the coal, still he may be ignorant as to the death of the intestate, or as to the granting of letters of administration to the plaintiff. If the plaintiff will file such a complaint, he must be satisfied with such an answer.

The motion is denied, with ten dollars costs to defendant, to abide the event.