## SUPREME COURT.

### AMY ENSIGN agt. RICHARD H. SHERMAN.

In an action to recover the possession of land, it is sufficient to aver in the complaint that the plaintiff has lawful title as the *owner in fee simple* to the premises in question, describing them; that the defendant is in possession of said premises, and *unlawfully withholds possession* thereof from him.

That is, it is not necessary under the Code, and it was not under the Revised Statutes, to state the requisite facts to show the plaintiff had real title; or any other facts to show that the plaintiff was entitled to the possession of the land. The allegation of *title* being of something which the plaintiff would be bound to prove on the trial, in order to sustain his action, relates to the subject matter of the action, and the provision of the Revised Statutes as to that is still applicable.

Although the averments of prior possession in the plaintiff, and in effect of ejection, provided by the Revised Statutes, (2 *R. S.* 304, § 7,) should be made in the declaration, it was not necessary to prove them, and the plaintiff might recover al though he had never been in the occupation of the land. Because, under the express provisions of the Revised Statutes, a party having the *present right of possession*, might recover, although he had never been in the actual occupancy, and of course had never been ejected. These averments of prior possession, and in effect of removal, were therefore merely *formal*—and mere formalities, especially falsehoods, are supposed to be abolished by the Code. (*This decision reverses that in the same case,* 13 *How.* 35.)

*Second District, General Term, Poughkeepsie, April,* 1857.
S. B. STRONG, *P. J.,* BIRDSEYE *and* EMOTT, *Justices.*
APPEAL from judgment on demurrer to complaint.

RUSSELL G. DORR, *for plaintiff.*
TALLMAN & PAINE, *for defendant.*

By the court—S. B. STRONG, Justice. This is an action for the recovery of the possession of land. The plaintiff avers in her complaint that she has lawful title as the owner in fee simple to the real estate in question, which is fully described; that the defendant is in possession of it, and unlawfully withholds possession thereof from her. The defendant demurred

to the complaint, on the grounds that it did not show any title or interest in the plaintiff to the land in dispute; that it did not show that the plaintiff was ever in possession, and that it did not state facts sufficient to constitute a cause of action. The court, at the special term, sustained the demurrer, and gave judgment for the defendant.

It is unnecessary to consider the last cause of demurrer, as the omissions, if any, are sufficiently specified in the first and second causes assigned. There were none others mentioned in the demurrer or on the argument, which are deemed material.

I am quite clear that the averment of title in the complaint is sufficient. It is general, it is true, that the plaintiff has lawful title, as the owner in fee simple, to the described real estate. This declares the nature and extent of the plaintiff's estate; that she is the owner in fee simple. The defendant contends that she should state the requisite facts to show that she had real title. That was not necessary under the Revised Statutes, which provide, that in every case, other than in an action to recover dower, the plaintiff shall state in his declaration whether he claims in fee, or whether he claims for his own life or the life of another, or for a term of years. (2 *R. S.* 304, § 10.) That did not require a statement of any other facts to show that the plaintiff was entitled to the possession of the land. Indeed, if the general allegation be true, the plaintiff would be entitled to the possession, unless the defendant could show a right of possession in himself. The allegation of title being of something which the plaintiff would be bound to prove on the trial, in order to sustain his action, relates to the subject matter of the action, and the provision of the Revised Statutes as to that is still applicable. (*Code,* § 455.)

I have decided, on a former occasion, that it was unnecessary for the plaintiff to state, in his complaint, the sources of his title, as it would lead to prolixity, and must end in a general averment somewhere, and I am not aware that this decision has been overruled in any branch of this court, or in the court of appeals.

It is true, that the Revised Statutes also provide, that it

should be sufficient for the plaintiff to aver in his declaration, that, on some day therein to be specified, and which should be after his title accrued, he was possessed of the premises in question, and being so in possession, the defendant subsequently entered into the possession. (2 *R. S.* 304, § 7.) This does not say, in terms, that such averments should be absolutely necessary; but I am inclined to think that the requisition was intended to be positive; and if the allegation of prior possession was material, and not merely technical or formal, the necessity for its continuance would seem to follow from the phraseology of the 455th section of the Code. As a general rule, all is formal in a pleading which it is unnecessary for the party preparing it to prove in order to establish his case or defence. Now, the Revised Statutes provide expressly that it should not be necessary for the plaintiff to prove an actual entry under title, nor the actual receipts of any profits of the premises demanded, but that it should be sufficient for him to show a right to the possession of the premises *at the time of the commencement of the suit,* as heir, devisee, purchaser, or otherwise. (§ 25.) Under these statutes, then, although the allegation of prior possession in the plaintiff should be made in the declaration, it was not necessary to prove it; and the plaintiff might succeed, although he had never been in the actual occupation of the land. The averment of prior possession and, in effect, ejection from it, was probably retained in order to conform the pleading to the nomenclature of the action. The term ejectment would seem to imply that the party had been turned out of possession. But under the express provisions of the Revised Statutes, a party having the present right of possession might recover, although he had never been in the actual occupancy, and of course had never been ejected. The averments of prior possession and, in effect, of removal, were therefore merely formal.

The Code of 1848 required that all pleadings should be verified by the oath of the parties, and, of course, that they should be true. In that, there was no exception of the action of ejectment. If, under that, a plaintiff in an action for the recovery of land might have averred, in his complaint, that he had been

in possession of it, and had been turned out by the defendant, how could one who had purchased the defendant's title at a sheriff's sale, under an execution, and had never been in, or turned out of the actual occupancy, have sworn to the truth of those averments? In such a case, where the defendant was obstinate, the person having acquired a valid title, would either have to perjure himself, or remain forever excluded from the enjoyment of his property.

It is quite clear that, under the first Code, those averments could not have been required. If not, it could not have been intended to renew the necessity of making merely formal and, sometimes, false statements in the complaint, which might still be verified, in the Code of 1849, or in any of its subsequent amendments. Indeed, the 455th section excludes mere matters of form from what it retains in actions to recover the possession of real estate; and the allegation in question is, I think I have shown, merely formal.

The charge that the defendant unlawfully withholds the possession of the premises, is undoubtedly very general, and states a legal conclusion. It was sanctioned, however, by the Revised Statutes, and when coupled, as it is in this case, with the allegation that the plaintiff is the owner in fee simple, is sufficiently explicit. It states facts to which the characteristic may well be applicable.

It would be impossible for the plaintiff to negative particularly every way in which one might lawfully hold possession of the land of which another was owner in fee simple. Where it is averred that the plaintiff owns the land in fee simple, and that the defendant is in possession, and unlawfully withholds possession from the plaintiff, all is asserted which it is necessary for the plaintiff to prove to entitle him to judgment. Under such circumstances, if the defendant has any right of possession which could interfere with the plaintiff's claim, he is bound to show it affirmatively, or he must fail.

My impression is, that mere formalities, and especially those including falsehoods, are abolished by the Code, and truth sub-

stituted in their place, and so far, as I have before remarked, there is an improvement. *Oh! si sic omnia.*

The judgment at special term should be reversed, and the plaintiff should have judgment upon the demurrer, with liberty to the defendant to answer in twenty days, on the payment of costs.