| 7 | 275 |
| 90 | 508 |
| 7 | 275 |
| 27ap417 | |

CORNELIA AUSTIN, RESPONDENT, *v.* HENRY SCHLUYTER AND LIZZIE SCHLUYTER, IMPLEADED WITH CORNELIA B. DREW AND GEORGE S. DREW, APPELLANTS.

*Pleading — in ejectment — what must be averred —* 3 R. S. (*6th ed.*), 572, §§ 7–10.

In an action of ejectment, it is not necessary to state in detail the facts constituting the estate or interest claimed in the land, but the general form or character of the estate or interest must be averred.

APPEAL by defendants from an order overruling a demurrer to the complaint, in an action of ejectment. The complaint was in

the following form : " The plaintiff complains that, on the 1st day of December, 1871, she was possessed of all that piece of land (describing certain premises). And plaintiff being so possessed thereof the defendant afterward, on the 4th day of December, 1871, entered into said premises and unlawfully withhold from plaintiff the possession thereof to plaintiff's damage $100. The plaintiff demands possession of said premises."

*George W. Stephens*, for the appellants, cites 2 Revised Statutes, 304 ; Tyler on Ejectment, 34, 44, 616 ; *Ensign* v. *Sherman* (14 How. Pr., 439) ; *St. John* v. *Pierce* (22 Barb., 362) ; *People* v. *Van Rensselaer* (9 N. Y., 318) ; *Howard* v. *Hatch* (29 Barb., 306) ; *Walter* v. *Lockwood* (23 id., 233) ; *Sanders* v. *Leary* (16 How. Pr., 312) ; *People* v. *Mayor* (28 Barb., 248) ; *Dominy* v. *Miller* (33 id., 386) ; 2 Greenleaf on Evidence, § 204 ; *Friend* v. *Holme* (21 How., 481).

*Thomas B. Browning*, for the respondent, cites *Day* v. *Alderson* (9 Wend., 223) ; *Blunt* v. *Aiken* (15 id., 526) ; *Hill* v. *Draper* (10 Barb., 455) ; *Enders* v. *Sternburgh* (52 id., 222) ; *Bartow* v. *Draper* (5 Duer, 130) ; *Clute* v. *Voris* (31 Barb., 511) ; *Brewster* v. *Stryker* (1 E. D. Smith, 321).

BRADY, J. :

The complaint alleges that the plaintiff was possessed of the premises described, on a certain day, and that being so possessed the defendants entered upon the premises and unlawfully withheld them from her. The defendants demur. Does the complaint contain facts sufficient to constitute a cause of action ? The Revised Statutes provide that it shall be sufficient for the plaintiff to aver, in his declaration, that on some day therein to be specified, and which shall be after his title accrued, he was possessed of the premises in question, describing them as thereinafter provided, and being so possessed thereof, the defendant, afterward, upon some day to be stated, entered into such premises, and that he unlawfully withholds from the plaintiff the possession thereof, to his damage, any nominal sum the plaintiff may think proper to state. (3 R. S. [6th ed.], 572, § 7.) The complaint in this action

is in strict accordance with the requirements of the section quoted, and if there were no other provisions governing the subject, there would be no difficulty in answering the question stated. The following (tenth) section of the statute (page 573), provides, however, as follows: " If the action be brought for the recovery of dower, the declaration shall state that the plaintiff was possessed of the one undivided third part of the premises as her reasonable dower as widow of her husband, naming him. In *every other* case the plaintiff shall state whether he claims *in fee* or whether he claims for his *own life or the life of another*, or for *a term of years*, specifying such lives or the duration of such term." These provisions would seem to be in conflict, because it is declared that it is sufficient for the plaintiff to state that he was possessed of premises which were entered upon and unlawfully withheld from him by the defendant; and again, that the plaintiff must state the nature of his claim, whether in fee or otherwise, but they are not, embracing as they do two essentials to the plaintiff's action, namely, the possession or right of possession, and the title or estate of which that possession is predicated.

The Code, by section 455, provides that the general provisions of the Revised Statutes relating to actions concerning real property shall apply to actions brought under it according to the subject-matter of the action, without regard to its form. The subject-matter is the *locus in quo*, in other words, the premises described. In *Ensign* v. *Sherman* (14 How. Pr., 439) STRONG, J., recognizes the blending of the provisions of the Revised Statutes, *supra*, by stating that the plaintiff is required by them, in every case except an action of dower, to state the nature of his claim, whether in fee or otherwise, and such being the rule, it follows that the complaint in this action was not sufficient under the law as it stood prior to the Code. This view is in effect confirmed by the case of *Walter* v. *Lockwood* (23 Barb., 228), to which the plaintiff's counsel referred. The plaintiff in that case averred that he had lawful title as the owner in fee simple, and BALCOM, J., said that the form of the complaint need not be like actions of ejectment in suits under the Revised Statutes. " The complaint in actions to recover the possession of real property must state facts, not fictions, and its sufficiency must be tested by the Code,

and not by the Revised Statutes." It was also said by that learned justice that HARRIS, J., erred in supposing the mode of pleading in such actions prescribed by the Revised Statutes to be still in force. (See 12 How. Pr., 402.) In the case referred to by Justice BALCOM, the plaintiffs alleged that they were the owners and lawfully possessed of certain lands described. Justice HARRIS said: It is enough now, as it was before the adoption of the Code, for the plaintiff, in an action to recover the possession of land, *to state what estate he claims in the land*, and that he was in possession, etc., and thus he recognizes the rule that something more than the allegation by the plaintiff that he was possessed of and his possession disturbed and withheld, was and is necessary in an action of this character. Justice SUTHERLAND, in *The People* v. *The Mayor* (28 Barb., 248), says: It may be said to be pretty well settled now that in an action of this kind it is only necessary for the plaintiff to allege in his complaint that he is seized or possessed of some *certain estate* in the premises, and entitled to the possession, which is unlawfully withheld, and thus he recognizes the requirement which demands a statement of the nature of the claim.

All the cases, since the Code, which have been found, sustain the proposition which is in accord with the provisions of the Revised Statutes, that the plaintiff must allege the nature of his claim. It is not necessary to state it in detail, or the facts constituting the estate or interest claimed in the land, but the general form or character of the estate or interest must be averred. It may be said, therefore, that whether the provisions of the Revised Statutes apply or not, the same rule now exists which they declared, and that is, that in actions of this kind the plaintiff must aver whether he claims in fee or otherwise. The complaint is insufficient, therefore, and the order appealed from must be reversed with ten dollars costs and the disbursements of this appeal.

DANIELS, J., concurred.

Order reversed, with ten dollars costs and disbursements.