ENIX v. MILLER ET AL.

1. **Practice in the Supreme Court:** RECORD: JUDICIAL NOTICE. The Supreme Court will not in one case take judicial notice of its records in a different case.

*Appeal from Monroe Circuit Court.*

THURSDAY, OCTOBER 7.

ACTION in equity to determine the right to certain funds collected by the defendant Miller as sheriff. These funds resulted as a surplus from the sale of certain real estate upon the foreclosure of a mortgage against one Hays. The defendants Perry & Townsend at the the time of the sale held liens upon the property by reason of two judgments obtained by them against Hays. The plaintiff, however, claims that he also held a lien upon the property by reason of a judgment against Hays, and that his lien was paramount to those held by Perry & Townsend. The question which the parties have presented is as to whether the plaintiff at the time of the foreclosure sale held a judgment lien upon the property paramount to the judgment liens of Perry & Townsend, which are not disputed. The judgment relied upon by the plaintiff was obtained April 16, 1877. The judgments relied upon by Perry & Townsend were obtained later. The plaintiff, however, appealed to the Supreme Court. What, precisely, he appealed from constitutes one of the points in dispute. Whatever he appealed from he secured a reversal. The court

below held that the lien of the judgment was not divested by the reversal, and rendered a decree awarding the funds in controversy to the plaintiff. The defendants appeal.

*Perry & Townsend*, for appellants.

*H. L. Dashiell*, for appellee.

ADAMS, CH. J.—The decree from which this appeal was taken contains these words: "That on the 16th day of April, 1877, the said John M. Enix recovered a judgment in this court for $639.75 which is prior in point of time to the judgment liens of Perry & Townsend unless said judgment was reversed by the Supreme Court of this State, and this court finds and holds as to that that the appeal by said Enix in said cause to the Supreme Court was not from the judgment in his favor for the $639.75, and that the same was not reversed by the said court, and that the same stands as a judgment of this court and bears date as fully as though no such appeal had been taken by said Enix, and that it is a prior lien on said land."

1. PRACTICE in the supreme court: record: judicial notice.

Upon the trial the plaintiff introduced evidence showing a judgment in his favor for $639.75 debt and $152.45 costs, dated April 16, 1877. He also showed the rendition of a judgment against him for $304.90 costs in the same action. What the pleadings or full record entries were in that action is not shown. The notice of appeal is in these words:

"To Hillah Hays: You are hereby notified that John Enix has appealed to the Supreme Court of Iowa from that part of the judgment rendered by the Circuit Court of Monroe county in the case of John Enix against Hillah Hays, which holds that the said Hillah Hays is entitled to have the amount due him (Hays) on settlement of copartnership with one Pleasant Enix offset as against the one-half of the $1,175 due from the said Hays to the said John Enix; the same being that part of said judgment which reduces the amount due said John Enix from Hillah Hays for cattle from $1,175

and interest to one-half that amount. And said John Enix appeals from that part of said judgment that assessed to him two-thirds of the costs of the case."

Whether the record entry of the Supreme Court was introduced in evidence the abstract does not show. The *procedendo* was introduced merely, showing a reversal, and being in the usual form. So far as the *procedendo* shows there might have been a reversal simply of the judgment for costs. There might, indeed, have been evidence showing affirmatively that the reversal affected only that judgment. We do not know what evidence was introduced, for the abstract does not purport to contain all the evidence. On the other hand it expressly shows upon its face that it does not. It shows that the opinion of the Supreme Court was introduced, but the opinion is not set out. All the evidence relied upon should be presented in the abstract. The appellee has a right to assume that no other will be considered. The case would be different if we could take judicial notice of the opinion. But a court cannot in one case take judicial notice of the records in a different case.

From what is shown in the abstract, and from the arguments of counsel, we might conjecture as to what the facts are upon which the case was tried below, but the appellee makes the point that the abstract is insufficient to show a reversal of the judgment upon which he relies, and we have to say that we think the objection is well taken.

AFFIRMED.