O. S. GARRETSON, Appellant, v. FERRALL & HAWKINS BROTHERS *et al.*

**Res Judicata.** A nonresident who assigns a right of action upon a bond simply in order that such action may be prosecuted is bound by the result of a suit brought upon the bond by the assignee.

**Practice.** Where evidence warrants a directed verdict, error in ordering trial to be to the court, is without prejudice.

SAME. Where matters in bar *and* in abatement are pleaded, a judgment which does not state upon which plea is founded, is presumed to be based upon the matter in bar. Code, 2851.

SAME: ON APPEAL. An appeal is taken from a judgment, later, from another that such judgment sustains a plea of *res judicata*. *Held*, on the second appeal, no facts involved in the first will be taken judicial notice of.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

MONDAY, DECEMBER 17, 1894.

ACTION on an indemnifying bond. Judgment for defendants, and the plaintiff appeals.—*Affirmed.*

*Merritt & Bunting* and *Jas. Carroll* for appellant.

*Bolton & McCoy* and *Lacey & Lacey* for appellees.

GRANGER, C. J.—The defendant firm, Ferrall &
Hawkins Brothers, was a judgment creditor of W. C.
and L. P. Garretson and by virtue of an execution
levied upon a stock of merchandise upon which W. C.
and L. P. Garretson had made to plaintiff in this suit,
O. S. Garretson, a chattel mortgage.  After the levy,
Ferrall & Hawkins Brothers made to O. S. Garretson
an indemnifying bond, and the merchandise was sold,
and the proceeds paid to Ferrall & Hawkins Brothers,
and this suit is by O. S. Garretson on the bond.  A
defense to the action is that plaintiff is estopped to
maintain this suit because of an action in his interest
on said bond by one C. L. Garretson, the
defense being pleaded as follows: "That said
O. S. Garretson transferred the said cause of
action to the said C. L. Garretson for the purpose of
bringing suit upon it in this state, because of the fact
that C. L. Garretson was a resident of Iowa, and O. S.
Garretson was a resident of New York; that the said
cause of action on the part of C. L. Garretson was
brought for the benefit of O. S. Garretson, and in his
behalf and for him, and not for the benefit of C. L.
Garretson."  It is true that C. L. Garretson did insti-
tute an action on the bond in this state; that an issue
was formed, and a trial had, resulting in a verdict for
the defendant by direction of the court, on which
judgment was entered.  O. S. Garretson was a witness
in the suit on the bond brought by C. L. Gar-
retson, and he is also a witness in this suit.  No
other conclusion could be drawn from his testi-
mony than that he never intended to convey, by his
assignment to C. L. Garretson, any property interest
in the bond, but simply a right to maintain an action
thereon for his (C. L. Garretson's) benefit.  He was
asked why he sold the chattel mortgage claim to C. L.
Garretson, and he answered:  "Because he resided in
Iowa, and could attend to the matter better than I

could." He stated that the consideration for the assignment was nominal, and "no money was received or credited." He stated, in answer to a question: "I am now the owner of said note and account, and always have been, except that I once assigned the right of action upon said note and account by direction of my attorney in Iowa, and the same was afterward returned to me, retransferred to me." He was then asked to explain more fully what it was that he assigned, and he answered: "I only assigned a right of action under the bonds and papers in this case. I assigned such right by and in a written instrument sent me by my attorney in Iowa. I did not assign the note or the mortgage referred to in said deposition to the said C. L. Garretson." He was then asked to state what he did assign, which he called "a right of action upon said note and mortgage," and he answered: "What I did assign to C. L. Garretson was a right to prosecute the bond given by Ferrall & Hawkins Brothers to the sheriff, being the same claim for which action is brought. "

The record shows that, after the jury was impaneled, the court, on suggestion of defendant's counsel, "directs the hearing of and determination of the plea of abatement, and estoppel on the question of *res adjudicata* to be first tried to the court as a law issue." It is urged that the question of a prior adjudication was one for the jury, and that the court erred in directing it to be first tried to the court. The error, if conceded, is without prejudice. We may assume that, if the issue had been tried to the jury, plaintiff's testimony would have been the same, and in such a case we think the court would have been warranted in entering judgment as it did. The averment in the answer is that the suit on the bond by C. L. Garretson "was brought for the benefit of O. S. Garretson, and on his behalf and for him, and not for the

benefit of C. L. Garretson." This averment seems to be clearly established by the plaintiff's testimony without a contradictory statement. There was, then, no question of fact for the jury to determine. If the former suit was for and in the interest of O. S. Garretson, the plea of a former adjudication must be sustained. It is true that O. S. Garretson does not, in terms, say that the former suit was for him, or in his interest, but no other conclusion is deducible from his statements. The assignment of the bond was without consideration, and for the reason, only, that C. L. Garretson lived in Iowa, and could attend to the prosecution better than he could in New York. It was assigned by direction of his own attorney in Iowa, and upon a failure of the suit it was retransferred to him. After considerable persistence on the part of defendant's counsel to learn from him what he assigned to C. L. Garretson, he finally said that it was the right to *prosecute the bond*, "being the same claim for which this action is brought." It thus appears that the former suit was between the same parties in interest, and the cause of action precisely the same as in this suit.

It is claimed that the former suit, having been determined upon a plea of abatement, is not a bar to this suit. But the record does not disclose that the former suit was determined upon such a plea. The record in that case, as put in evidence in this case, shows that a general verdict was returned for defendants by direction of the court. The answer in that case presented four distinct defenses, only one of which was in abatement, and the record in this case in no way indicates on which defense the verdict was based. By Code, section 2851, it is provided: "Where matter in abatement is plead in connection with other matter not such, the finding of the jury or court must distinguish between matter in abatement

and matter in bar, and the judgment must, if it is rendered on the matter in abatement, and not on the merits, so declare." In view of this law, where the record fails to distinguish between matters pleaded in bar and abatement, we must assume that the judgment was not rendered on matter in abatement, or it would so declare.

A reference is made in argument to the opinion of this court in the former case; but the questions of what were the issues and judgment in that case are those of fact, for which we are to look to the record in this case. We may take notice of facts in the former case in so far as they are established by the record in this case, but no further. *Enix v. Miller*, 54 Iowa, 551, 6 N. W. Rep. 722. The authorities cited by appellant on the question of a former adjudication are not in point. The judgment of the district court is AFFIRMED.