## GRACE V. BALLOU *et al.*

1. Where a plaintiff, whose title to real estate depends upon the prior ownership of the same by another, alleges such prior ownership by averring that the said land "was the property of" such other, such title and ownership, so far as that allegation is concerned, will be held as put in issue by a denial of the same, without close inquiry as to whether such allegation states a fact or a conclusion of law.

2. In such case, the further allegation of the answer that the land in question was the property of defendant, subject only to certain recited mortgages, and showing further the issue to him of a final receipt therefor by the United States land office, is a sufficient allegation of defendant's ownership.

3. A court will not take judicial notice of its records and proceedings in another case.

4. Judgments and decrees are conclusive only as between parties and privies to the litigation.

(Syllabus by the Court.   Opinion filed Dec. 14, 1893.)

Appeal from circuit court, Kingsbury county.   Hon. J. O. ANDREWS, Judge.

Action to quiet title, and for other relief.   From an order sustaining a demurrer to the answer, defendants appeal.   Reversed.

*A. W. Wilmarth*, for appellant.

*Geo. W. Latin*, for respondent.

KELLAM, J.    This action was brought by the plaintiff, who is respondent here, to quiet title to a certain parcel of land in Kingsbury county, and to remove as clouds thereon the mort-

gages hereinafter referred to, and to restrain foreclosure pro-
ceedings thereunder. The allegations of the complaint, so far
as they are deemed important in discussing the question now
presented, are substantially as follows: That on the 1st day of
May, 1888, the plaintiff recovered judgment in the district court
of Kingsbury county against one O. D. Perry; that on the
4th day of said May execution was issued thereon, and levied
upon the land in question, which it is alleged was then "the
property of said O. D. Perry;" that the sheriff advertised the
land for sale under such levy, "but before the sale thereof the
land was claimed by Deloss Perry, a third person;" that the
plaintiff then, to-wit, August 11, 1888, began an action in the
same court "to have the ownership of said land determined;"
that upon the trial of such action, to-wit, July 13, 1891, the
court adjudged the same to belong to said O. D. Perry, and
that it be sold to satisfy the said judgment against him;
and that at the sale thereof the plaintiff became the purchaser.
It is further alleged that on the 12th day of July, 1888, the said
Deloss Perry made two mortgages on said land to defendants
H. S. Ballou & Co., which are the mortgages sought to be re-
moved; that at the time of the taking of said mortgages the said
Ballou & Co. knew that the said land so mortgaged did not be-
long to Deloss Perry, but that it did then, and for a long time
prior thereto had, belonged to the said O. D. Perry. Defend-
ants, answering, denied that the said land was or ever had been
the property of said O. D. Perry, but alleged that "from the
29th day of July, 1887, to the present time the said property
was and is the property of Deloss Perry, subject only to the
mortgages" hereinbefore described. The answer admits the
allegations of the complaint as to proceedings to determine
the ownership of said land, but alleges that neither of said de-
fendants nor said Deloss Perry were parties thereto, or had no-
tice or knowledge thereof. It is further alleged that the final
receipt given by the United States to Deloss Perry for and cov-
ering the land in question was filed for record in the office of

the register of deeds of said Kingsbury county on the 29th day of July, 1887; that the records of said office did not show any other filings or papers referring to said land on the 8th day of August, 1888, when said mortgages were filed for record, except the execution referred to in the complaint, and a levy thereof on the 4th day of May, 1888; and denied, further, that said Ballou & Co. took said mortgages with notice or knowledge that said premises did not belong to said Deloss Perry, or that said O. D. Perry claimed any interest therein. To this answer the plaintiff demurred on the ground that the same did not state facts sufficient to constitute a defense to plaintiff's complaint. The demurrer was sustained, and the defendants appeal.

It is evident that in respect to the merits of this controversy, the ownership of this land, whether in O. D. Perry or Deloss Perry, must be the paramount question in the case. The respondent bases his rights and cause of action upon the fact of ownership by O. D. Perry. The only direct allegation in the complaint of O. D. Perry's ownership is specifically denied by the answer, and in it the ownership of Deloss Perry is attempted to be alleged. It is against the sufficiency of this or these allegations that the demurrer is directed. It is noticeable that the only direct allegation of the complaint of the ownership of O. D. Perry, is that on the day named as the date of the levy the land "was the property of O. D. Perry." Opposed to this is the challenged allegation of the answer that from the 29th day of July, 1887,—long prior to the levy—"the said property was and is the property of said Deloss Perry, subject only to the mortgages," etc. While such fact of similarity does not change the essential character of the allegation, it will be seen that the answer closely follows the complaint in its averment of ownership. In McLaughlin v. Wheeler, (S. D.) 47 N. W. 816, where plaintiffs had declared in their complaint that "defendants are indebted to plaintiffs for work," etc., and the answer denied that "they, or either of them, are indebted to the

said plaintiffs, or either of them, for work," etc., we said:   "If plaintiffs had pleaded the facts out of which the indebtedness resu‾ted as a conclusion, a denial of such conclusion would have been insufficient to make an issue; but, having alleged the indebtedness as a fact, we think the defendants might so treat and so deny it in their answer."   See, also, Morrow v. Cougan, 3 Abb. Pr. 328.   But, independent of the character of plaintiff's pleading, we are of the opinion that the answer sufficiently alleges the ownership of Deloss Perry.   It avers that it was his property, and subject to no adverse or qualifying interests, conditions or claims, except these recited mortgages.   This could hardly be less than a fee-simple title.   It is held that an allegation of ownership in fee-simple is good as a statement of fact. Bliss Code Pl. § 210; Maxw. Code Pl. p. 139; Ensign v. Sherman, 14 How. Pr. 439; Rough v. Simmons, 65 Cal. 227, 3 Pac. 804; Gage v. Kaufman, 133 U. S. 471, 10 Sup. Ct. 406.   But, further than this, the answer does disclose the evidence, character and source of the title and ownership claimed for Deloss Perry, to-wit, a final receipt to him from the receiver of the United States land office.   We think the answer sufficiently pleads title in Deloss Perry.

But it is argued by respondent that, conceding this view to be correct as to the sufficiency of these allegations to show title in Deloss Perry, they cannot avail appellants, because, as a statement of fact, they are opposed to and inconsistent with the records of the court, of which it was bound to take judicial notice.   There may be other answers to this contention upon the facts in the case, but a general and sufficient one would be that this judgment, which it is claimed should be judicially noticed by the court, was a judgment in an action distinct and independent from the one on trial,—a judgment made and entered long before this action was commenced.   A court will not take judicial notice of its records and proceedings in another case. Enix v. Miller, 54 Iowa, 551, 6 N. W. 722; Banks v. Burnam, 61 Mo. 76; Lake Merced Co. v. Cowles, 31 Cal. 215.   This question

is not, however, important in this case, for the former proceedings and judgment were pleaded by the plaintiff, and admitted by the answer; but it was therein distinctly alleged that Deloss Perry was neither a party thereto nor had any notice thereof. Judgments and decrees are conclusive only as between parties and privies to the litigation. Black, Judgm. § 534, and authorities cited.

The further question discussed by counsel as to the effect of notice of the levy as a notice of *lis pendens* is not relevant if the views above expressed are correct. If Deloss Perry was the owner of the land when the mortgages were given, he had a right to make, and the Ballou Company to take, the same. These rights could not be affected by notice to either or both that some one else was seeking to enforce a claim against the same land as the property of another. The demurrer admits whatever facts are well pleaded in the answer. We hold that Deloss Perry's ownership is well pleaded. It follows that for the purposes of this demurrer he was the owner, and, being so, had a right to mortgage. For these reasons the answer, in our opinion, states a good defense to plaintiff's cause of action as stated in his complaint. The order of the circuit court sustaining the demurrer is reversed, and the case remanded for further proceedings according to law.