BARTON BROS., Appellants, v. T. K. MARTIN *et al.*, Respondents.

Kansas City Court of Appeals, January 14, 1895.

1. **Trusts and Trustees:** JUDGMENT: BAR. For taking or damaging the trust property, either the trustee or beneficiary may sue; and a judgment in an action by one will bar an action by the other.

2. ——: ——: ——: CASE ADJUDGED.   J. was the trustee of T., holding certain property to secure T.'s debt to B.   G., another debtor of T., attached and seized the trust property.   J. interpleaded for the trust property and G. had judgment on the interplea.   *Held*, said judgment was a bar to a suit in equity by B. against T., J., G., and the sheriff to have the property applied to the payment of his debt.

3. Judgment: ESTOPPEL: PARTIES: PRIVIES.   B. claimed title through J., but J.'s title in a proper suit by G. was declared void.   *Held*, that the judgment barred an action by B., since he was a privy to the former action as every person whom the parties plaintiff and defendant represent in a suit are barred as privies by the judgment.

*Appeal from the Bates Circuit Court.*—HON. J. H. LAY, Judge.

AFFIRMED.

*Noah M. Givan, R. T. Railey* and *Karnes, Holmes & Krauthoff* for appellants.

(1)   In order to bind a party on the score of privity, two essential elements must concur; he must claim through or under a party to the action, and this claim must accrue by succession and after the institution of the action.   *Koontz v. Kaufman,* 31 Mo. App. 397, 409; Big. Est. [4 Ed.], pp. 135, 136; 2 Black on Judgments, sec. 549; 1 Freeman on Judgments [4 Ed.], sec. 162. (2)   There is no evidence whatever that these plaintiffs caused Martin to file his interplea, nor can it be said that they were claiming the property in his name and "were waging the fight over his shoulders."   *State ex rel. Johnson,* 27 S. W. Rep. 399, 402, (Sup. Ct. Mo., 1894); *Koontz v. Kaufman,* 31 Mo. App. *supra; Mfrs. Ass'n v. Rogers,* 42 Minn. 123; *Lacroix v. Lyons,* 33 Fed. Rep. 437, 439; 1 Freeman on Judgments [4 Ed.], sec. 189.   (3)   Nor can it be said that there was such an identity between Barton Brothers and J. K. Martin that the latter's interplea presented the former's rights and equities for adjudication; certainly not in such a way

as to make the adjudication conclusive. 1 Freeman on Judgments [4 Ed.], sec. 157; 2 Black on Judgments, sec. 585; *Stilwell v. McNeely*, 2 N. J. Eq., 309; *Dunn v. Seymour*, 11 N. J. Eq., 220; *Fish v. Howland*, 1 Paige, 20, 23, 24; *Shay v. McNamara*, 54 Cal. 169, 174, 175; *Sprague v. Tyson*, 44 Ala. 338, 341; Big. Est. [4 Ed.], pp. 118, 119; 1 Freeman on Judgments [4 Ed.], sec. 164; *Warner v. Comstock*, 55 Mich. 616, 619, 620. (4) Judgments conclude parties only in the character in which they sue or are sued. A party having individual and trust relations in a given matter is regarded as having distinct and separate capacities in litigation affecting the same. A judgment against a party individually does not bar a subsequent action by him as trustee for others. *Rathbone v. Hooney*, 58 N. Y. 463, 467; 2 Smith's Lead. Cas. [8 Am. Ed.], p. 955; Big. Est. [4 Ed.], p. 123; *Terrill v. Boulware*, 24 Mo. 254, 256; *Middleton v. Railroad*, 62 Mo. 579, 581; *Newton v. Earl of Egmont*, 5 Sim. 130, 137; Big. Est. [4 Ed.], p. 129.

*Thos. J. Smith* for respondent.

(1) Not only was J. K. Martin bound by the judgment of the circuit court in the attachment action upon the issues raised by his interplea, but all persons who were in privity with him are likewise bound. 1 Greenleaf's Evidence, sec. 523; *Harvie v. Turner*, 46 Mo. 444; *Crispen v. Hannavan*, 50 Mo. 415; *Cooley v. Warren*, 53 Mo. 166; *Strong v. Ins. Co.*, 62 Mo. 289. (2) A privy is a person who has an interest in an estate created by another; a person having an interest derived from a contract or conveyance to which he is not himself a party. 19 Am. and Eng. Encyclopedia of Law, p. 156; *Allen v. Kennedy*, 49 Wis. 549; 1 Herman on Estoppel, sec. 155, p. 163; *Rogers v. Gosnell*,

51 Mo. 466; 2 Black on Judgments, sec. 578; *McComas v. Ins. Co.*, 56 Mo. 575; *Chouteau v. Boughton*, 100 Mo. 411; *Ellis v. Hamson*, 104 Mo. 276; *Logan v. Railroad*, 43 Mo. App. 78; *Anthony v. Ins. Co.*, 48 Mo. App. 70. (3) The same is true if Martin be regarded as the servant simply of plaintiffs. 2 Black on Judgments, sec. 579. (4) The alleged legal title of J. K. Martin to the goods was such as that no one but him could have filed the interplea, and plaintiffs are bound by the judgment. *Myers v. Hale*, 17 Mo. App. 210.

GILL, J.—This is a contest between Barton Bros., plaintiffs, and Gregory Grocer Company, the principal defendant, over the proceeds of a sale of a stock of goods formerly belonging to T. K. Martin, of Bates county.

Briefly stated, the material facts are about as follows: In the year 1889, T. K. Martin was indebted to the Bartons and to the Gregory Company, each in the sum of nearly $1,000. In the early part of November of that year, Barton Bros. pressed said T. K. Martin for payment, or security of their claim, resulting in an arrangement whereby J. K. Martin (brother of T. K.) gave the Bartons a written guaranty for their claim; and T. K. Martin, in addition, executed a written conveyance (in the nature of a deed of trust or mortgage), transferring the entire stock of goods, store fixtures etc., to J. K. Martin, who was authorized to, and did, take possession thereof for the security, primarily, of Barton Bros. and, secondarily, for the security of a debt said T. K. owed his brother, J. K. Martin.

J. K. Martin assumed the charge and possession of the store; and was proceeding to sell out the stock, under the trust deed, when the Gregory Grocer Company sued T. K. Martin in attachment, and the sheriff

under its directions, seized the goods in the hands of said trustee, J. K. Martin.

Shortly thereafter (in February, 1890), J. K. Martin interpleaded for the goods, claiming the same on account of the chattel mortgage or deed of trust made for the benefit of himself and Barton Bros. The Gregory Grocer Company denied the alleged rights of the interpleader and affirmatively set up that said conveyance of T. K. to J. K. Martin was made to hinder, delay and defraud the creditors of said T. K. Martin. In due time the issues on the interplea were tried, resulting in a finding and judgment in favor of the Gregory Company and against J. K. Martin. Said judgment remained unappealed from and so stood at the trial of the case at bar. There was evidence tending to prove that when the issues on the interplea *(J. K. Martin v. Gregory Grocer Company)* were tried, Barton Bros. took some part therein—at least, they had ample notice of the interplea filed by J. K. Martin and sent an attorney to Butler to witness the conduct of the trial.

The present action was brought a few days before J. K. Martin filed his interplea; it was, however, not returnable until the term succeeding that at which the interplea was filed and tried.

The goods in controversy were sold by order of the court made in the Gregory attachment suit, and it is the fund arising therefrom that is the subject-matter of this action. Plaintiffs seek, by a suit in equity, to have this fund charged with the payment of their claim against T. K. Martin. The defendant Gregory Grocer Company in its answer set up the judgment on the interplea of J. K. Martin, as a bar to this action by Barton Brothers. At plaintiff's request, the trial court found the facts. Here they are:

"1.   The court finds that the mortgage was made to secure to J. K. Martin——dollars due him, and $979.14 due to Barton Brothers, which he had guaranteed, and that it was, so far as Barton Bros. were concerned, a security to said Martin as trustee for them and to secure their debt to them, and not merely a security to him as guarantor enuring to them by subrogation, and that the debt of Barton Brothers was to have priority over J. K. Martin's debt.   And that the Gregory Grocer Company knew these facts when it, on the 25th day of November, 1889, attached the goods. so mortgaged.

"2.   That Barton Brothers knew of the pendency of the interplea and had ample opportunity to participate in the trial thereof.

"3.   The court does not find the evidence sufficient to conclude they did actually participate in such trial, though there is evidence tending that way.

"4.   That J. K. Martin, the interpleader, was an express trustee for Barton Brothers for the property interpleaded for by him, and that his title as such trustee was adjudicated in the interplea, and that Barton Brothers are barred in this action by the judgment on the interplea.

"5.   That from November 12 to 25, 1889, J. K. Martin was in charge of the mortgaged goods, selling same, but that the amount sold does not appear definitely from the evidence."

From a judgment in favor of the defendants, plaintiffs have appealed.

I.   The finding of the facts by the trial judge (and which we have quoted in the foregoing statement), seems to meet with no serious dispute or criticism from either side.   From a careful reading of the record, we find these facts substantially as stated.   The case of Barton Brothers is simply this:   To secure their claim,.

T. K. Martin, their debtor, made a deed of trust to J. K. Martin for the benefit of said Barton Bros. Said trustee (J. K. Martin) assumed the trust and took possession of the goods transferred to him, holding them for and in behalf of his *cestui que trust*. At this point the Gregory Grocer Company attached the goods, as the property of their debtor T. K. Martin, and J. K. Martin, the trustee, interpleaded therefor. This interplea was tried, resulting in a judgment in favor of the Gregory Grocer Company and against the alleged title of J. K. Martin. And now the question arises, is that judgment against Barton Brothers' trustee to be held a bar to this action. The lower court decided that it was a bar and we are of the same opinion.

J. K. Martin held the goods in controversy, as trustee of an express trust, while Barton Brothers were beneficiaries therein. It is clearly the law in this state, that for the taking or damaging the trust property, either the trustee or the beneficiary may sue; and it has also been repeatedly decided that a judgment in an action by one of these, will bar an action by the other. *Anthony v. The German American Ins. Co.*, 48 Mo. App. 65; *Rogers v. Gosnell*, 51 Mo. 466; *McComas v. Ins. Co.*, 56 Mo. 573–575; *Chouteau v. Boughton*, 100 Mo. 406.

. The statute defines a trustee of an express trust, "to include a person with whom or in whose name a contract is made for the benefit of another." Revised Statutes, 1889, sec. 1991. The deed of trust, or contract in question, was made with J. K. Martin for the benefit of Barton Brothers. Now, the trustee of this express trust (J. K. Martin), had heretofore sued for the recovery of the indentical property which Barton Brothers, the beneficiaries, now sue for, and on a trial thereof, said trustee was defeated and a judgment

entered against him. Under the rule, then, announced in the foregoing cases, Barton Brothers are estopped to prosecute another action, based as it is, on the same claim of title.

2. The case in hand may be viewed from another standpoint with a like result. Barton Brothers claim title to the goods in controversy, under and by virtue of the conveyance made to J. K. Martin (the interpleader in the attachment suit). By force of this contract relation, said Martin was the legal representative of Barton Brothers. In that case, the rule is "that every person whom the parties plaintiff and defendant represent in the suit are bound as privies by the judgment." 1 Herman on Estoppel, sec. 154; *Cooley v. Warren*, 53 Mo. 166-169; 1 Greenleaf on Evidence, sec. 523, [14 Ed.]; 2 Black on Judgments, sec. 549; 1 Freeman on Judgments, secs. 163, 166, 173; *Field v. Flanders*, 40 Ill. 470.

The judgment is for the right party and will be affirmed. All concur.