WILLIAM WEESNER, Appellant, v. THE CEN-
TRAL NATIONAL BANK, Respondent.

**Kansas City Court of Appeals, April 4, 1904.**

1. **MUNICIPAL CORPORATIONS: Officers: Engineer: Statutory
Construction.** The mayor of a city of the third class with the
consent of the council has power to appoint street commission-
ers and such other officers as are authorized by ordinance, and
may appoint a city engineer but other officers than the city
engineer may assume the duties in regard to sewers provided
he has the proper qualifications.

2. ———: ———: ———: ———. An officer in cities of the third
class is a person holding a situation therein with an annual sal-
ary and for a definite term and where there is neither salary
nor such term there can be no officer.

3. ———: ———: ———: ———. There can be no appointed offi-
cers in cities of the third class without an ordinance author-
izing such appointment; and the statute contemplates that the
city engineer be an officer.

4. ———: ———: ———: ———. Where there is no office there
can be no officer *de facto*.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,*
Judge.

REVERSED AND REMANDED (*with directions*).

*H. J. Green* for appellant.

(1)   Section 5848, R. S. 1899, provides, "As soon
as any district sewer shall have been completed, the
city engineer or other officer having charge of the work
shall compute the whole cost thereof, and shall appor-
tion the same against the lots or pieces of ground, ex-
clusive of improvements, in proportion to the area of
the whole district, exclusive of the public highways, and

such officer shall report the same to the council by bill or otherwise." R. S. 1899, secs. 5765, 5777, 5776; Rose v. Trestrail, 62 Mo. App. 352; Galbreath v. Newton, 30 Mo. App. 380; Manufacturing Co. v. Hamilton, 51 Mo. App. 120. As to mode of exercising powers: Crutchfield v. Warrensburg, 30 Mo. App. 456; State ex rel. v. Railroad, 149 Mo. 644; City to use v. Eddy, 123 Mo. 556; Heidleburg v. St. Francois Co., 100 Mo. 74; McKissock v. Mt. Pleasant Twp., 48 Mo. App. 416; Kolkmeyer & Co. v. Jefferson City, 75 Mo. App. 678. (2) The duties required of the city engineer or other officer having charge of the work are clearly personal in their nature, personal trusts and judicial in their functions and can not be delegated or substituted. Stefel v. Cooperage Co., 38 Mo. App. 344; Eyerman v. Payne, 28 Mo. App. 78; St. Joseph v. Wilshire, 47 Mo. App. 130; Construction Co. v. Geist, 37 Mo. App. 509; State v. Field, 17 Mo. 529; Ruggles v. Collier, 43 Mo. 353; St. Louis v. Clemens, 43 Mo. 395; Saxton v. Beach, 50 Mo. 488; Lambert v. Tidwell, 62 Mo. 188; Kansas City v. Holden, 107 Mo. 311; Laughlin v. Miller, 124 N. Y. 519, 83 Hun 185. Mr. Grieb not having been selected or directed to do anything as city engineer he can not pretend to act as such under the facts and evidence in this case. (3) Mr. Grieb is not an officer *de jure* or *de facto* for the reason that the office of sewer engineer has never been established by ordinance. Hisey v. Charleston, 62 Mo. App. 383; Ex parte Snyder, 64 Mo. 58; State v. O'Brien, 68 Mo. 153; Jester v. Spurgeon, 27 Mo. App. 477; Ayers v. Latimer, 57 Mo. App. 78; Walker v. Ins. Co., 62 Mo. App. 209; Dil. on Mun. Corp. (4 Ed.), secs. 276, 531, 892; Carleton v. People, 10 Mich. 250; Walker v. Dist. of Col., 6 Mackey 352; State v. Jennings, 49 N. E. 404; Brumley v. Boyd, 66 S. W. 874; People v. Blair, 82 Ill. App. 570; 57 Ohio St. 415. (4) The taxbills in this case are void. Rich Hill v. Donnan, 82 Mo. App. 388.

*McReynolds & Halliburton* for respondent.

(1) The charters of cities do not provide for the election of a city engineer and do not provide for his appointment by that name, but do provide for the appointment of such officers as may be authorized by ordinance. R. S. 1899, sec. 5858, as amended by session acts, 1901, page 93, clause 8. (2) The effect of the appointment of Grieb by the city council as engineer for sewer construction (the record showing that at that time there was no city engineer) made Grieb city engineer *de jure,* especially when taken in connection with the showing in the record that he performed all the engineering work for the city after his appointment. He was not appointed sewer engineer but engineer for sewer construction, and this construction is further borne out by the showing that he was county surveyor and a civil engineer. (3) If a proper construction of the appointment of Grieb and his acts does not show that he was the city engineer *de jure* it does show that he was acting as city engineer and was city engineer *de facto* and his acts are to be treated as if he was *de jure* such officer, and his acts are valid so far as they concern the public, or rights of third persons who have an interest in things done. Akers v. Kolkmeyer & Co., 97 Mo. App. 528; Wilson v. Kimmell, 109 Mo. 263; Abingdon v. Steinberg, 86 Mo. App. 639. Persons acting as deputy constable without appointment are held to be *de facto* officer. (4) T. V. Grieb under the record in this case would be the other proper officer as provided in sec. 5848, and the other proper person as provided in sec. 5858, clause 8, R. S. 1899, as amended by session acts, 1901, page 23.

BROADDUS, J.—This is a suit in equity by plaintiff to cancel two certain taxbills issued for the construction of a sewer in district number four in the

city of Carthage, a city of the third class, appellant being the owner of lots 64 and 65 in Cassil's Addition to said city. The city entered into a contract with W. W. Cook & Son, contractors, to construct said sewer, which work was by them completed according to contract, whereupon the city issued the taxbills in controversy and delivered them to said contractors who assigned them to the defendant.

It was agreed upon at the trial that all resolutions and ordinances were duly passed in accordance with the charter provisions of the city and all reports were in proper form, and that the only matter in controversy was whether the acts of one T. V. Grieb, who computed the cost of the work and apportioned it against the lots and ground chargeable therewith, had such authority.

The city passed a resolution declaring the necessity for the work for sanitary purposes as follows: "Resolved, that the sewer engineer be and is hereby directed to make an estimate of the cost thereof," etc. The said T. V. Griebs' authority to act in the premises is contained in the following motion adopted by the city council: "On motion it was ordered that T. V. Grieb be employed by the city as engineer for sewer construction and that he be paid for such services the sum of $5 per day for full time." To his reports Grieb affixed the signature: T. V. Grieb, engineer.

The court dismissed plaintiff's bill and he appealed. The contention is that the law does not make any provision for *sewer engineer*, therefore the acts of Grieb as such render the proceedings void.

The act governing cities of the third class does not in specific terms provide for a city engineer. Section 5765, R. S. 1899, provides: "The mayor, with the consent and approval of a majority of the members elected to the city council, shall have power to appoint a street commissioner and such other officers as he may be authorized by ordinance to appoint." But as section 5848 provides that certain duties shall be performed by a

city engineer, or other officer, there can be no doubt but what the city may, under said section 5765 appoint a city engineer. But under said section 5848 an officer other than the city engineer may perform the duties required in regard to sewers. Under said section the language used is the "city engineer or other officer." By the act of May 9, 1899, amending section 5858, the words used are: "The city engineer or other proper officer." We take it that the word *proper* is a limitation upon the word officer requiring that he have proper qualifications for the work.

But it is contended that the duties imposed by the statute must be performed either by the city engineer or by an officer of the city, and as Grieb was neither, his acts were void. Section 5777 construes the term *officer* as follows: "The term officer whenever used in this article shall include any person holding any situation under the city government or any of its departments with an annual salary or for a definite term of office." As Grieb's appointment did not provide for an annual salary for his services, nor for a definite term of office, he was not an officer within the meaning of said section.

Appointive officers—other than that of street commissioner—as provided by said section 6765 can only be appointed in cases where there is an ordinance authorizing such appointment. No evidence of such an ordinance is found in the record. There was, then, no such an officer as a city engineer. And it is clear that the statute contemplates that the city engineer be an officer. The language, "the city engineer or other officer" implies at least that he must be an officer.

But defendant contends that as Grieb was performing the duties of city engineer, he was a *de facto* officer; and as such his act was legal, citing Akers v. Kolkmeyer & Co., 97 Mo. App. 528-29 and Wilson v. Kimmel, 109 Mo. 263. But in those cases there was an office and an officer *de facto*. Here, however, there is

no office and consequently there can be no officer *de facto* nor *de jure*. It is not necessary to cite authorities on this question.

For the reasons given the taxbills are held to be void and the cause is reversed and remanded with directions to grant the relief prayed for by plaintiff. All concur.