CITY OF CARTHAGE ex rel., W. W. COOK et al., Appellant, v. WILLIAM WEESNER, Respondent.

**Kansas City Court of Appeals, February 5, 1906.**

1. **RES ADJUDICATA: Taxbills: Degree: Privies.** Certain contractors assigned certain taxbills as collateral to a bank. The property-owner brought his suit in equity to cancel the same and obtained a degree against the bank. Thereupon the bank returned the bills to the contractors. *Held,* the privity between the contractors and the bank rendered the decree a bar to an action by the former on the bills against the property owner.

2. ____: ____: ____: **Estoppel: Collection.** Where the bank took such taxbills with directions to collect the same and the bill in equity is brought to prevent the threatened collection and cancel the taxbills, the judgment will preclude the assignor, since where the action is brought in the name of one person at the instance of another the judgment concludes the latter; and the fact that the bank is defending is immaterial since the authority to sue implies the authority to defend.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins*, Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1)   Relators were not parties to said case. Were they privies? We contend that they were not, and that said judgment does not effect them one way or another and their rights were not adjudicated thereby in and to these tax bills or as to the validity of them. 1 Herman on Estoppel and Res Adjudicata, p. 51, sec. 57; same p. 85, sec. 84; same p. 88, sec. 95; same p. 94, sec. 94; same p. 155, sec. 145; Hunt v. Haven, 52 N. H. 162; 21 Am. & Eng. Ency. Law, 139, par. 2, notes 7, 8 and 9; Black on Judgments, sec. 549; Calderwood v. Brooke, 28 Cal. 151; Thompson v. Clark, 4 Hun 164; Scott v. Drennan, 9 Daly 226; Doe Foster v. Derby, 1 Ad. and El. 768; Wilson v. Davol, 5 Bosw. 619; 1 Greenleaf on Evidence (Redfield's Ed)., sec. 189; Haley v. Bagley, 37 Mo. 364, 365; Middleton v. Ry., 62 Mo. 579; Henry v. Woods, 77 Mo. 581; Story Eq., sec. 165; State ex rel. v. Johnson, 123 Mo. 55; Hope v. Mayor, 72 Ga. 246; State ex rel. v. St. Louis, 145 Mo. 551, 567; Koontz v. Kaufman, 31 Mo. App. 397; Bigelow on Estoppel, p. 59; Quigley v. Bank, 80 Mo. 290; Foundry Co. v. Schloss, 43 Mo. App. l. c. 309; Frank v. Jenkins, 22 Ohio St. 597; Fallon v. Murray, 16 Mo. 168; Warner v. Comstock, 55 Mich. 615, 22 N. W. 64. (2)   Under the evidence in this case the most that can be said by respondent as to holding of these taxbills by the bank, is that they were held as a pledge, which left the legal title in relators. Bank v. Totten, 89 S. W. 65.

*H. J. Green* for respondent.

(1)   Privity relates to persons in their relation to property and not to any question independent of prop-

erty. Hart v. Moulton, 104 Wis. 349, 76 Am. St. Rep. 881; 24 A. & Eng. Ency. Law (2 Ed.), 746. Thus every person is privy to judgment or decree who has succeeded to an estate or interest held by one who was a party to such judgment or decree if the succession occurred after the bringing of the suit. Litchfield v. Goodnow, 123 U. S. 549; Hauke v. Cooper, 108 Fed. 922; Winston v. Westfelt, 22 Ala. 76; Lawrence v. Ware, 37 Ala. 553; Sutterlee v. Bliss, 36 Cal. 489; McDonald v. Gregory, 41 Iowa; Prentis v. Holbrook, 2 Mich. 372; Hunt v. Havens, 52 N. H. 162; Buckingham v. Ludlum, 37 N. J. Eq. 138; Williams v. Burkly, 165 N. Y. 48, affirming 52 N. Y. App. 631; Gist v. Hill, 2 Hill Ej. (S. Car.) 335, 29 Am. Dec. 89; Bradford v. Knowles, 78 Tex. 109; Douthitt v. McClosky, 11 Wash. 601; Smith v. Preety, 22 Wis. 655; 1 Greenleaf on Evi., sec. 523; Bank v. Edwards, 84 Mo. App. 462; Barber v. Stroub, 85 S. W. 915, 916, citing Webb v. Morgan, 14 Mo. 428; Battie v. Lett, 28 Mo. 596; Willson v. Smith, 52 Mo. App. 135; Craig v. Riordan, 99 Cal. 316; 33 Pac. Rep. 913; Conn v. Lumber Co., 66 Mo. App. 483; Mead v. Mitchell, 5 Abbott Prac. N. Y. 92; 17 A. & E. Ency. Law (1 Ed.), 554; Bambrick v. Campbell, 37 Mo. App. 460; Kansas City v. Rice, 89 Mo. 685; Wetmore v. San Francisco, 4 Cal. 294; Cottle v. Cole, 20 Iowa 481; Wilson v. Clark, 11 Ind. 385; Castner v. Sumner, 2 Minn, 44; Williams v. Norton, 3 Kas. 224; Allen v. Brown, 44 (N. Y.) 228; Sheridan v. Mayor of N. Y., 68 N. Y. 30; Curtis v. Mohr, 18 Wis. 615; Boynton v. Millard, 10 Pick. (Mass.) 362; Curtis v. Cessna, 1 Ohio 432; Linsley v. Stevens, 5 Dan. (Ky.) 104; Young v. Brewster, 62 Mo. App. 628; Morrison v. Ross, 113 Ind. 186; 7 Ency. Pl. and Prac. 751; Whitford v. Crooks, 54 Mich. 261; Johnson v. Robertson, 31 Md. 476; New Jersey & Co. v. Ames, 1 Beach Ch. (N. J.) 507; Peterson v. Lathrop, 34 Pa. St. 223; Keely v. Weir, 38 Fed. 291; Calhoon v. Dunning,

4 Dall. Pa. 120; Cochran v. Chesapeake C. Co., 94 U. S. 741; Nemety v. Naylor, 100 N. Y., 12 A. & Eng. Ency. Law (1 Ed.), 93; Polk v. Gallant, 22 North Car. 396, 34 Am. Dec. 410, 24 Am. & Eng. Ency. Law (2 Ed.), page 749; Hudson v. Railroad, 14 Utah 402; 60 Am. St. 902; Garretson v. Ferrell, 92 Iowa 728; Chenny v. Patton, 144 Ill. 373; Powell v. Adams, 9 Mo. 766. Mason v. Sumner, 24 Mo. App. 174, 85 S. W. 108; Case v. Girton, 33 Mo. App. 547; Glasner v. Weisberg, 43 Mo. App. 214; Sonce v. Lumber Co., 54 Mo. App. 512; Murphy v. DeFrance, 101 Mo. 151-159; Barton v. Mastin, 60 Mo. App. 351; Cooley v. Warren, 53 Mo. 169; Henry v. Woods, 77 Mo. 277; M'fg. Co. v. Board Bros., 60 Mo. App. 667, 85 S. W. 940; Block v. Walker, 2 Ark. 4; 6 A. & Eng. E. Law (1 Ed.), 752. 12 A. & E. E. Law (1 Ed.), 145; Lawrence v. Milwaukee, 45 Wis. 306; Hawkins v. Lambert, 18 B. Mon. (Ky.) 99; Adams v. Barnes, 17 Mass. 365.

ELLISON, J.—The relators instituted this action on two special taxbills against property owned by defendant in the city of Carthage. The judgment in the trial court was for the defendant. The bills in suit were cancelled by the judgment of a court of competent jurisdiction in a suit in equity brought by this defendant against the Central National Bank of Carthage, 106 Mo. App. 668. That judgment was pleaded as *res adjudicata* in this case. The plea was sustained. It appears that the taxbills were originally issued to relators for building a sewer in Carthage and that they assigned them as collateral security for borrowed money to the Central National Bank by writing their names on the back thereof and delivering them. After the bills were declared void by the judgment aforesaid, they were delivered back to these relators and afterwards they instituted the present, action, as stated.

The law is that privies to the parties to an action

are bound by the judgment rendered therein as completely as the parties themselves. Those who claim property under one, who was a party to a judgment affecting his right to, or in, such property, are privies and bound by such judgment. [Cooley v. Warren, 53 Mo. 166, 169; Litchfield v. Goodnow, 123 U. S. 549; Barton v. Martin, 60 Mo. App. 351.] Privity may exist from "relationship by succession or representation between the party to the second action and the party to the prior action in respect to the right adjudicated in the first action. When this exists, the party to the second action is barred by an adjudication upon the right made in the first action." [Stamp v. Franklin, 144 N. Y. 607, 611.] Manifestly, when plaintiff put the title to the bills in the bank and then after the judgment against the bank received them back, he took them as a holder in succession under the bank for all purposes of application of the rule of *res adjudicata.*

But again, plaintiff stated, by way of testimony which they gave in their own behalf, that they not only assigned the bills as collateral, but that the bank was to collect them, and that it was threatening to enforce collection by suit. Where an action is brought in the name of one person at the instance of another, the judgment will conclude the latter. [Cheney v. Patton, 144 Ill. 373.] And this is assuredly so when the cause of action has been assigned to him who brings the suit. [Garrettson v. Ferrall, 92 Iowa 728.] It is true that the action brought was instituted against the bank instead of by that institution; but that can make no difference; the authority to sue would imply the authority to defend.

The foregoing view is in harmony with the law and practice long established in this State, that a promissory note may be assigned merely for collection and that the assignee may sue in his own name. If defeated on the merits in such action, it would scarcely

be pretended that *res adjudicata* could not be success-fully interposed in a subsequent action brought by the assignor.

We are satisfied the trial court took the correct view of the case and hence affirm the judgment. All concur.