———o———

FRANKLIN COOLEY, et al., Respondents, vs. DANIEL W. WARREN, et al., Appellants.

1. *Conveyance—Land—Description of property—Repugnancy*—Whenever material or permanent objects are embraced in the calls of a survey or deed, these have absolute control, and a call may be rejected for inconsistency, when description enough still remains to ascertain and describe the land with certainty.

2. *Estoppel—Privies.*—Privies in blood, in estate, or in law, are estopped from litigating that which is conclusive upon him with whom they are in privity.

*Appeal from the Court of Common Pleas of Lafayette County.*

*Wm. T. Wood,* for Appellants.

I. The description in the deed is so contradictory and uncertain, that neither the court, nor defendants can know what

specific land is sued for, nor where it lies. (McClean vs. Martin, 45 Mo. 393.)

II. There was a misdescription and no title passed. (Hartt vs. Rector, 13 Mo. 505.)

III. A judgment or decree can only bind parties and privies. (1 Starkie, 186, 191–2.) Defendant holds by purchase at execution sale, and had no notice, actual or constructive. (Young vs. Coleman, 43 Mo. 183 ; Chapman vs. Chapman, 16 Munford, 398 ; Wood vs. Davis, 7 Cr. 271.)

IV. Calls for natural objects and fixed and permanent monuments do not prevail over corners, and as applied to this case over government corners. (Clark vs. Campbell, 6 Mo. 219.)

*Wallace & Mitchell*, for Respondents.

I. *Falsa demonstratio non nocet*, if the instrument defines, with convenient certainty (what is intended to pass by it, and may be rejected. (2 Wash. Real Est. (2nd. Ed.) 670–675 ; 3rd. Ed. *Id.*, vol. 3, 343, 344, 347, 352 ; 4 Kent's Com. (6th. Ed.,) 466, 467 ; Evans vs. Greene, 21 Mo. 170 ; Page vs. Scheibel, 11 Mo. 167 ; Fenwick vs. Gill, 38 Mo. 510 ; Hardy vs. Matthews, 38 Mo. 121 ; Shelton vs. Maupin, 16 Mo. 124 ; Bates vs. The Bank of Mo., 16 Mo. 309 ; Bank of Mo. vs. Bates, 17 Mo. 583 ; Riggs vs. Myers, 20 Mo. 239 ; McGill vs. Somers, 15 Mo. 80 ; Webster vs. Blount, 39 Mo. 500 ; Kronenberger vs. Hoffner, 44 Mo. 185 ; Nelson vs. Bodhack, 44, Mo. 596 ; Shultz vs. Lindell, 40 Mo. 330 ; Gibson vs. Bogy. 28 Mo. 478.)

II. The defendants were privies in estate and in law with Crump, who was a party to the suit in which the decree was rendered.

WAGNER, Judge, delivered the opinion of the court.

In this case, notwithstanding the lengthy and voluminous record, the issues presented for our consideration are narrowed down to a small compass. The only distinct ground set forth in the motion for a new trial, relates to the action of the court in its ruling on the admissibility of testimony. The action

was ejectment to recover the possession of certain premises, and both parties claimed under a common grantor as the original source of title. If the plaintiff's title was good, it constituted the prior and the better one. The land in controversy belonged to one Ewing, who borrowed money from Lafayette County, and executed a mortgage thereon to secure its payment. Default being made in the payment of the mortgage debt, the land was sold and the county became the purchaser. Subsequently the county sold and conveyed the same to the plaintiff, whose deed was lost or destroyed before the commencement of this suit. In Ewing's mortgage the land was improperly described, and the sale and conveyance by the county to the plaintiff was by the same description. Plaintiff instituted a suit in the nature of a proceeding in equity to reform the description in the deed, and to obtain a decree for title, for the purpose of supplying the lost or destroyed conveyance. Upon a full hearing of the case the court found in his favor, and granted him a decree. This decree was admitted in evidence in the present suit against the objections of the defendants, and this ruling constitutes the principal error complained of in the motion for a new trial. There was evidently a misdescription in the land, but this applied only to the starting point. Several surveyors were sworn as witnesses in the present trial, and they all testified that there was no difficulty in locating the land from the description contained in the deed, but that the first call would have to be rejected. The first or starting point was surely a mistake, but all the rest of the description was by natural objects, and fixed and permanent monuments, so as to leave no doubt whatever as to the true location. Strike out the first or inconsistent call, and enough still remains to designate the land with certainty. The rule is clearly established, that whenever natural or permanent objects are embraced in the calls of a survey or deed, these have absolute control, and that a call may be rejected for inconsistency or repugnancy, where description enough still remains to ascertain and describe the land with certainty. (Brown vs. Huger, 21 How. 306; Fenwick vs. Gill, 38 Mo.

510 ; Rutherford vs. Tracy, 48 Mo. 325 ; 2 Greenl. Cruis. Real Prop. 307. u. 1.)

It is undoubtedly true, that strangers to a certain decree or judgment are not bound by them, and that they are admissi. ble in evidence only against those who were parties to the proceedings. But in the term, "parties who are concluded or bound by a judgment or decree," is included all persons who are represented by the parties, and claim under them or in privity with them. Greenleaf says, the ground upon which persons standing in this relation to the litigating party are bound by the proceedings, to which he was a party, is that they are identified with him in interest; and wherever this identity is found to exist, all are alike concluded. Hence all privies, whether in estate, in blood, or in law, are estopped from litigating that which is conclusive upon him with whom they are in privity. (1 Greenl. Ev. § 523.) Whilst the defendant here, who makes the objection, was not a party to the decree, yet he was privy in estate, and held under one of the defendants in the decree, and is therefore bound by the same. It results therfore, that the Court committed no error in receiving the decree in evidence. No point is made in reference to the instruction in the motion for a new trial, nor in regard to the capacity of the county to purchase lands, and they will consequently not be considered.

I have seen no such error as would authorize a reversal. Let the judgment be affirmed. All the Judges concur, except Judge Napton, who did not sit in the case.