## CASS COUNTY, *Plaintiff in Error*, v. OLDHAM.

1.  **Record of Void Deed.** The record of a deed which is void for insufficiency of description, is not constructive notice, and will not put a stranger upon inquiry.

2.  **Purchaser for Value :** MORTGAGE. The giving of further time for the payment of an existing debt is a valuable consideration and is sufficient to support a mortgage as a purchase for a valuable consideration.

*Error to Cass Circuit Court.*—The case was tried before JOHN F. LAWDER, ESQ., sitting as Special Judge.

AFFIRMED.

*C. W. Sloan* and *Boggess & Railey* for plaintiff in error.

The omission of the township and range was a mistake of the scrivener; and upon the evidence it is clear that as between Oldham and the county the mortgage was a good equitable mortgage upon the land in township 44, range 32, and as against them the court should have ordered a reformation. *McQuie v. Peay*, 58 Mo. 56; *Davis v. Clay*, 2 Mo. 161; *McClurg v. Phillips*, 49 Mo. 315; 1

Hill. on Mortg., (4 Ed.) 648; *Racouillat v. Sansevain,* 32 Cal. 376; *Carter v. Holman,* 60 Mo. 498; *Blackburn v. Tweedie,* 60 Mo. 505. It was likewise good against Freese, unless he was a mortgagee for value and without notice. He was not a mortgagee for value, because the mortgage was given to secure an antecedent debt. 1 Jones on Mortg., (2 Ed.) § 458; *Aubuchon v. Bender,* 44 Mo. 560; *Bishop v. Schneider,* 46 Mo. 472; *Martin v. Jones,* 72 Mo. 25; *Goodman v. Simonds,* 19 Mo. 106. Neither was he without notice. The mortgage to the county was of record, and though not a perfect mortgage, was sufficient to put him upon inquiry. *Rhodes v. Outcalt,* 48 Mo. 367; *Fellows v. Wise,* 49 Mo. 350; *Smith v. Walser,* 49 Mo. 250; *Major v. Bukley,* 51 Mo. 227; *Cordova v. Hood,* 17 Wall. 1.

*Comingo & Slover* for defendant in error, Freese.

The county's mortgage was void for uncertainty. The description is fatally defective, in that it fails to show in what township and range the land is situated. *Hardy v. Matthews,* 38 Mo. 121; *Campbell v. Johnson,* 44 Mo. 247; *Vasquez v. Richardson,* 19 Mo. 96; *Holme v. Strautman,* 35 Mo. 293; *Bosworth v. Farenholz,* 3 Iowa 84; *Worthington v. Hylyer,* 4 Mass. 205; *Boyd v. Ellis,* 11 Iowa 97. The record of the county's mortgage did not impart constructive notice. The record of an instrument, if authorized by law, is constructive notice of its actual contents, and nothing more. *Gatewood v. House,* 65 Mo. 663; *Bishop v. Schneider,* 46 Mo. 472; *Terrell v. Andrew Co.,* 44 Mo. 309; *Vaughn v. Tracy,* 22 Mo. 415; *Jennings v. Wood,* 20 Ohio 261; *Leiby v. Wolf,* 10 Ohio 84. Freese is an incumbrancer for value. Though the debt was an antecedent debt, he took a new note for it, payable at nine months. *Boon v. Barnes,* 23 Miss. 136; *Work v. Brayton,* 5 Ind. 396; *Babcock v. Jordan,* 24 Ind. 14; 1 Jones on Mortg., § 459; *Hoggatt v. Wade,* 10 Sm. & M. 143; *Chance v. McWhorter,* 26 Ga. 315; Hilliard on Mortg., (3 Ed.) 682; White & Tud. Lead.

Cas. Eq., (3 Am. Ed.) 73; Bigelow on Frauds, 309, 310. The evidence showed that he had no actual notice of the existence of the county's mortgage.

Hough, J.—On the 8th day of February, 1869, John Q. Oldham executed a mortgage to Cass county on lands described as follows: West half of lot 1, northwest quarter section 5, and east half lot 1, northeast section 6. The township and range were both omitted. On April 12th, 1873, Oldham executed a deed of trust on the west half lot 1, northwest quarter section 5, and east half lot 1, northeast quarter section 6, township 44, range 32, in favor of one Henry Freese, to secure the payment of a note therein described, bearing the same date and having nine months to run. In March, 1877, the trustee, in execution of the power conferred upon him, sold the land conveyed by said trust deed, and said Freese became the purchaser. The note executed by Oldham on April 12th, 1873, and secured by the trust deed, was in renewal of a note previously given by Oldham to Freese. The present suit was brought by the county to reform the mortgage given to it, so as to make it state that the land attempted to be conveyed thereby was in township 44 and range 32—the same land conveyed to Freese.

The record of the mortgage to the county was not constructive notice to Freese that the land mortgaged to him had been previously mortgaged to the county. *Campbell v. Johnson*, 44 Mo. 247. There is no evidence that Freese had actual notice of the mortgage to the county, and it would be absurd to say that constructive notice puts a man upon inquiry.

Freese was not only a purchaser without notice, but he was also an incumbrancer for value. "The giving of further time for the payment of an existing debt, by a valid agreement, for any period however short, is a valuable consideration, and is sufficient to support a mortgage

as a purchase for a valuable consideration." Jones on Mortg., § 459. The judgment, which was for the defendant, must, therefore, be affirmed. All concur.