OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1896.

---

*( Continued from Volume 137.)*

---

HUTSELL *et al.* v. ELLEN R. CREWSE *et al.*, *Plaintiffs in Error.*

#### Division One, March 9, 1897.

1. **Pleading**: OBJECTIONS AT THE TRIAL. Plaintiffs brought suit to reform deed made by a deceased person, and objection was made at the trial to the introduction of any evidence "for the reason that there is no allegation that the maker of the deed is dead," but immediately following this objection, in the bill of exceptions, is a statement that "plaintiff is allowed to amend his petition making the above allegation." *Held*, if parties will wait until the trial commences to urge objections to the pleadings they must not complain if their objections are disposed of summarily, *and* that in such cases it is not to be expected that the record will be made up with exact formality.

2. ———: DEFECT OF PARTIES. An objection in this court, that the husband of one of the plaintiffs was not made a party, comes too late.

3. **Deed to Minor:** CONSIDERATION. A deed made and delivered by a parent to his minor child for the purpose of making provision for such child, has a meritorious consideration that entitles it to the protection of a court of equity.

4. ———: HEIRS. Where a deed is made to a minor, who dies prior to her father, the maker, he and her brothers and sisters of the full blood and half blood inherit the land from her, and when the deed is reformed the brothers and sisters of the half blood can not be thereby divested.

*Error from the Wright Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED (*with directions*).

*William O. Mead* and *T. T. Loy* for plaintiffs in error.

(1) The petition does not state a cause of action in that it does not allege that defendants are the heirs of R. M. Crewse or that R. M. Crewse is dead, and no testimony was admissible, and the fact that plaintiffs took leave of the court to amend their petition would not make any testimony admissible. (2) The facts and circumstances detailed in evidence negative the presumption of delivery of the deed sought to be reformed. This court will not permit the judgment of the lower court to stand unless the facts proven be such as would raise a resulting trust in R. M. Crewse for the use and benefit of his grantee, under whom plaintiffs claim by inheritance, and to raise such resulting trust (even though a valuable consideration had been paid) the testimony must be so clear, cogent and convincing as to leave no reasonable ground for hesitation in the mind of the chancellor. *Johnson v. Quarles*, 46 Mo. 423; *Forrester v. Scoville*, 51 Mo. 268. (3) The testimony is clear and conclusive that no consideration passed for the deed sought to be reformed.

It was purely a voluntary conveyance, and it is equally clear that R. M. Crewse never surrendered the possession of the premises in question and even though the deed had been delivered it will not be reformed for that reason.  2 Rapalje and Lawrence Law Dictionary, p. 1338 (title) *voluntary; Anderson v. Green*, 23 Am. Dec. 417; *Dawson v. Dawson*, 18 Am. Dec. 573; *Stone v. King*, 84 Am. Dec. 557.  (4) The testimony proves that the defendant, Ellen Crewse, married J. M. Farmer since the commencement of this suit, and that her husband was not brought in or the cause revived.  (5) There is no question but the defendants, Samuel, Charles, and Martha Crewse, are infants, and as they do not appear either in person, by counsel or guardian, no decree could be rendered against them.

*Nickle & Pope* for defendants in error.

BRACE, J.—The plaintiffs in this action are the children of R. M. Crewse late of Wright county, deceased, by his first wife; and the defendants are the second wife of said deceased and her children by him.

On the first day of September, 1879, and during the lifetime of his first wife, the said R. M. Crewse executed several deeds to each of his children by her, to lands which he owned in Missouri, and among them one to his daughter Emily C. Crewse, who was then a minor, for a tract in Wright county, described in the petition as being a part of his home place.  In this deed the numbers of the township and range were omitted.  Sometime afterward his wife died, and he married again.  After his second marriage he continued to reside at the same place with his second wife and his children by her until the year 1884, when he died, leaving them in possession of the premises.  Afterward on the seventh day of August, 1889, this suit was in-

stituted, in which the plaintiffs asked to have the deed of Emily C. Crewse corrected, by inserting the numbers of the township and range omitted as aforesaid, and that any title that the defendants may have in said land as the heirs of Rufus M. Crewse be divested from them and invested in the plaintiffs. On the hearing the court granted the prayer of the petitioners, and the defendants failing to secure a rehearing on proper motion for that purpose, bring the case here by writ of error.

1. On the trial, defendants objected to the introduction of any testimony in the case "for the reason that there is no allegation that R. M. Crewse is dead, and no allegation that these defendants are the heirs of R. M. Crewse." Immediately following this objection in the bill of exceptions is the following entry: "Plaintiff is allowed to amend his petition making the above allegation." In the caption of the petition defendants are described as "Ellen Crewse widow of R. M. Crewse deceased" and the other defendants, naming them, as "minor heirs of R. M. Crewse, deceased." In this state of the pleadings and records the case went to trial. The death of Crewse and the relation of the defendants to him, were indisputable facts shown in the evidence without objection, and it is too late now to urge this objection as ground for reversal. If parties will wait until the trial commences to urge objections to the pleadings, they must not complain if their objections are disposed of summarily, and in such case it is not to be expected that the record will be made up with exact formality.

2. The objection that the husband of one of the defendants was not made a party also comes too late. It should have been made by special demurrer.

3. It is also urged that three of the defendants are minors, and that no decree could be entered against them for the reason that there was no appearance for

them.   This is a mistake, for it appears from the record that the trial was had at the September term, 1892, and that R. W. Fyan was appointed guardian *ad litem* for said minors at the March term, 1890, and that the answer of said minors by their said guardian was filed at the September term, 1891.

4. The execution of the deed by R. M. Crewse was proven beyond question.   The identity of the tract of land, and that it was in the township and range claimed, was undisputed; that their omission from the deed was a mere mistake is patent.   The whole force of the contention below was that the deed had never been delivered.   The court expressly found that the deed had been delivered.   By separating the wheat from the chaff, and giving consideration to the legal evidence in the case only, we have no difficulty in arriving at the same conclusion.   But it is urged that equity will not lend its assistance to the enforcement of a voluntary executory contract.   The answer to this contention is obvious.   The deed makes provision for a child, and therefore has a meritorious consideration which entitles it to the protection of a court of equity; and having been delivered and the land being susceptible of identification *aliunde,* the contract is executed, and the title passed.

5. The decree of the court as it now stands, however, can not be sustained, as it appears from the evidence that R. M. Crewse survived his daughter Emily, who died without issue, and inherited a share of her estate in this land which descended in equal proportions to all of his children, those by the second as well as those by the first marriage.   The former would also be entitled to half shares as heirs of the said Emily if born before she died,—a fact which can not be determined on this record.

In this state of case, the judgment will be reversed and the cause remanded with directions to reform the decree, so as to merely reform the deed in accordance with the prayer of the petition, and nothing more. All concur.

AFFIRMED *(with directions).*