NANCY CRAWLEY et al. v. J. D. CRAFTON et al.,
Appellants.

**Division One, February 22, 1906.**

1. **EXPRESS TRUST: How Shown.** An express trust in land deeded by a husband through an intermediary to his wife for the benefit of his heirs can be "manifested and proved" only by some writing signed by him.

2. **RESULTING TRUST: Implied: Proof: Pleading Express Trust.** Resulting trusts, that is, trusts that arise by implication of law, are excepted from the operation of the statute which requires the trust to be "manifested and proved by some writing signed by the party who is, or shall be, by law able to declare the trust," and the facts from which they may be implied may be proved by parol. But a petition which alleges that a husband and wife entered into an agreement by which she would take the title for his protection, would hold it for the benefit of him and his children, and would reconvey it to him on his request, and that in pursuance to that agreement, he conveyed the land through an intermediary to her, does not set up facts from which a resulting trust may be implied. On the contrary, it charges an express trust, which under the statute is void unless manifested by a writing.

3. **DEED: Meritorious Consideration: Mistake in Description.** A husband, with a large family, about to engage in a business unfamiliar to him, by deed duly executed conveyed 120 acres of land to his wife, thereby making provision for her in case of misfortune to himself, but by mistake the deed described a forty acres he did not own, and omitted a forty he did own. *Held*, that the deed, though not supported by a valuable, was supported by a meritorious consideration as between them and their heirs, which brings it within the cognizance of a court of equity, and, therefore, it should be reformed.

4. ———: ———: ———: **Reformation: Voluntary Deed: Deed as Evidence of Contract.** A deed founded on a meritorious consideration is not purely voluntary. A deed founded on such a consideration is evidence of a valid executed contract, and a

court of equity, in reforming it, simply corrects the evidence of the contract so as to make it conform to the contract as actually made and executed.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED (*with directions*).

*Walker & Cox* for appellants.

(1)   Respondents' pleadings set up an express trust.  Such a trust can not be established by parol testimony.  Curd v. Brown, 148 Mo. 82; Mulock v. Mulock, 156 Mo. 431.  (2)   If respondents should now rely upon an implied or resulting trust, then such trust can be established only by evidence so clear, unequivocal, definite and positive as to leave no reasonable doubt as to its existence in the mind of the chancellor.  Condit v. Maxwell, 142 Mo. 266; Hillman v. Allen, 145 Mo. 638; Walker v. Walker, 147 Mo. 246; Mulock v. Mulock, 156 Mo. 431. (3)  The prima-facie presumption in this case is, that when the husband conveyed to the wife he intended it as a provision for her and her minor children; and there is no testimony to overcome that presumption. Curd v. Brown, 148 Mo. 82; Case v. Espenschied, 169 Mo. 219.  (4)  The testimony of witness T. O. Crawley was incompetent and improperly admitted, (a) because he was a party to the original contract or cause of action, to-wit, the deed from Crafton to himself and the deed from himself to Mrs. Crafton; (b)  because he is also beneficially interested as the husband of one of the parties in interest, Nancy Crawley; (c) because plaintiff, Nancy Crawley, being an heir of R. C. Crafton, would be incompetent, and being the husband of Nancy Crawley, he would be incompetent, whether he is a party to the record or not.  Curd v. Brown, 148 Mo. 82; Rice v. Shipley, 159 Mo. 399; Messimer v. McCray, 113

Mo. 382; Meier v. Thieman, 90 Mo. 433; Tucker v. Gentry, 93 Mo. App. 655; Joice v. Branson, 73 Mo. 28; Bagnett v. Bank, 76 Mo. App. 121; Edwards v. Warner, 84 Mo. App. 200; Bieber v. Boeckman, 70 Mo. App. 503. (5) The testimony of Mrs. Alice Easley and Mrs. Nancy Crawley is not competent, since they claim as heirs at law of R. C. Crafton, and the other party to the cause of action, to-wit, (Julia) Adaline Crafton, is dead. Messimer v. McCray, 113 Mo. 382; Warfield v. Hune, 91 Mo. App. 541; Meier v. Thieman, 90 Mo. 433. And the husband of either of said heirs would be incompetent also, even though the inherited property would be the separate property of the wife. Tucker v. Gentry, 93 Mo. App. 655; Joice v. Branson, 73 Mo. 28. (6) The term "contract or cause of action in issue and on trial" will be so interpreted as to include a deed relied upon by one of the parties to a suit. Davis v. Wood, 161 Mo. 17; Messimer v. McCray, 113 Mo. 382. (7) This property was conveyed in anticipation of threatened lawsuits because the grantor was involved in a failure of a business venture, and there is no testimony of an intention to create an implied or a resulting trust, except such as was incompetent or unbelievable; held, that there was no implied trust. Mulock v. Mulock, 156 Mo. 431.

*John W. Scobey* for respondents.

(1) There is no express trust pleaded nor an attempt to plead an express trust, and so the question of an express trust is eliminated from our consideration of this case. Respondents' petition in this cause pleads an implied, resulting trust. Eaton on Equity, sec. 186; Rice v. Shipley, 159 Mo. 399; Mulock v. Mulock, 156 Mo. 440; 10 Am. and Eng. Ency. Law (1 Ed.), 5 to 60. (2) An examination of the record will show that the decree was based upon facts and circumstances detailed in evidence so clear, positive and convincing as to leave

no doubt in the mind of the chancellor. Crawford v. Jones, 163 Mo. 577. This conveyance was either a gift or an implied resulting trust, as no consideration was paid, and it is not contended by appellants that it was a sale. The very fact that Crawley and wife took part in the conveyance to Mrs. Crafton is a very strong circumstance that this conveyance was not a gift. (3) We concede as an abstract proposition that when the husband conveys land to the wife, a presumption arises that it was intended as a gift or provision. But no such presumption arises in this case, and if so we submit that the presumption is rebutted by the facts and circumstances of the case. Crawford v. Jones, 163 Mo. 577; Eaton on Equity, sec. 193. The reason that such a presumption arises, is because of the legal and moral duty to provide for the wife. Eaton on Equity, supra. But the legal and moral duty of the father to minor children for reasonable support and provision is just as obligatory as for the wife. It cannot be presumed, without some testimony, that Crafton intended to disinherit his daughters (these plaintiffs) which, if appellants' theory is accepted, he did. But he is presumed to have intended to provide for them, and this presumption rebuts the presumption of gift, if any such presumption arises in this transaction. 10 Am. and Eng. Ency. Law, 24; Eaton on Equity, sec. 193. Appellants' answer pleads a mistake in description of deed, and prays the court to correct the deed, etc. If appellants were relying upon this conveyance being a gift, then they could not ask this correction and enforcement. Mudd v. Dillon, 166 Mo. 121; Ford v. Church Society, 120 Mo. 508; Anderson v. Scott, 94 Mo. 637.

BRACE, P. J.—This is an appeal by the plaintiffs from an interlocutory judgment in partition, determining the rights of the parties in the real estate described therein.

The undisputed facts of the case are as follows:

On the 18th day of November, 1891, R. C. Crafton was the owner of the northeast quarter of the northwest quarter of section 5, township 21, range 10; the southeast quarter of the northwest quarter of section 32, township 22, range 10; and the northwest quarter of the southeast quarter of section 31, township 22, range 10, in Dunklin county, Missouri; and this was all the land he owned in that county. By deed of that date he conveyed to one T. O. Crawley the northeast quarter of the northwest quarter of section 5, township 21, range 10; the southeast quarter of the southwest quarter of section 32, township 22, range 10; and the southwest quarter of the southeast quarter of section 31, township 22, range 10; and on the 20th day of November, 1891, the said T. O. Crawley by deed of that date conveyed the last-described real estate to J. A. Crafton, the wife of the said R. C. Crafton.

It will be observed that while the deeds from R. C. Crafton to Crawley and from Crawley to J. A. Crafton purported to convey three forty-acre tracts, they did not, in fact, convey one of the three of which he was the owner, to-wit, the northwest quarter of the southeast quarter of section 31, township 22, range 10; but instead, conveyed the southwest quarter of the southeast quarter of said section, of which he was not the owner. So that by virtue thereof J. A. Crafton became seized of only two of the forty-acre tracts of which her husband was theretofore the owner, to-wit, the northeast quarter of the northwest quarter of section 5, township 21, range 10, and the southeast quarter of the southwest quarter of section 32, township 22, range 10.

Afterwards, the said J. A. Crafton died, leaving, her surviving, her husband and five children by him, viz., Julia, Lizzie, Bell, Ivery and Marshall, her only heirs at law; and afterwards, on the 12th day of September, 1901, the said R. C. Crafton died, leaving, him surviving, the aforesaid five children of the said J. A. and J. D. Crafton, Nancy Crawley and Alice Easley,

children of a former wife, his only heirs at law. Afterwards, the said J. D. Crafton acquired by purchase all the right, title and interest of the said Julia, Lizzie, Bell and Ivery in their mother's real estate.

Afterwards, in 1903, this suit was instituted by the said Nancy Crawley and Alice Easley, plaintiffs, against the said J. D. Crafton and Marshall Crafton, defendants. The said plaintiffs claiming in their petition that they are each entitled to an equal undivided one-eighth of the said northwest quarter of the southeast quarter of section 31, as heirs at law of their father, and, also, as such heirs they are entitled to an equal undivided one-eighth of the other two forty-acre tracts, by their father conveyed, as aforesaid, to the said Crawley, and by the said Crawley conveyed to the said J. A. Crafton; and, as ground for their claim to these last two forties, they allege, in substance, in the petition, that the said J. A. Crafton at the time of her death held the legal title to said real estate in trust for the said R. C. Crafton and his legal heirs, which trust was created in the following manner, to-wit:

"That shortly prior to 1891, R. C. Crafton was the owner in fee of said premises, was entering into a co-operative mercantile business, and, as the same was an adventure to which R. C. Crafton was unaccustomed, he consulted with his wife and they mutually decided that she should take the property in her own name in order to protect him, the said R. C. Crafton, and his heirs, in case of failure to be successful in business, and it was agreed and understood by all parties thereto, and especially R. C. Crafton and Adline (J. A.) Crafton, his wife, before the conveyance to her, that she would convey the same back to R. C. Crafton when he desired, and it was also stated and agreed by both husband and wife before said conveyance and at the time of conveyance that in case of death of either party all of the heirs of R. C. Crafton were to share equally in the distribution of his estate.

"Plaintiffs further state that in consequence of the aforesaid agreements between the said R. C. Crafton and Adline (J. A.) Crafton, his wife, he did with his wife in the year 1891, by warranty deed convey to T. O. Crawley the land in this count and that the said T. O. Crawley with his wife in turn conveyed the same to Adline (J. A.) Crafton, the wife of R. C. Crafton, in trust for the benefit of R. C. Crafton and heirs. That all of said conveyances were by warranty deed, but that the deed to Adline (J. A.) Crafton was intended as a conveyance in trust by the parties thereto. Plaintiffs further say that neither of said conveyances were based upon any consideration."

The defendants in their answer, in substance, deny the trust set up in the petition, aver that the deeds from R. C. Crafton to T. O. Crawley and from Crawley to J. A. Crafton were made for the protection of his said wife and her minor children, and that by said deeds the said Crafton and Crawley intended to convey all the real estate which he then owned to his said wife, but by mistake of the scrivener the northwest quarter of the southeast quarter of section 31, township 22, range 10, was described in said deeds as the southwest quarter of the southeast quarter of said section. Wherefore they pray that the said T. O. Crawley be made a party to the proceeding, and that said mistake be corrected, the deeds be made to conform to the intention of the said grantors, and that plaintiffs be declared to have no interest in any of the real estate hereinbefore first described, of which the said R. C. Crafton was the owner prior to the 18th day of November, 1891, and which was by him on that day conveyed as aforesaid. By amended petition, the said T. O. Crawley became a party plaintiff to the proceeding, the reply thereto was a general denial, and, after hearing the evidence, the court rendered the following judgment and decree:

"Now, on this 22d day of May, the above-entitled cause coming on to be heard, and it appearing to the

court that the defendants herein having been duly served with summons more than thirty days before the first day of this term of court, and this cause being submitted to the court upon the amended petition, answer and replication, and the plaintiffs and defendants each offered evidence to sustain their issues, and the court after seeing and examining the pleadings and after hearing the evidence of both plaintiffs and defendants, doth find that R. C. Crafton in his lifetime owned the northwest quarter of the southeast quarter of section 31, township 22, range 10, east; and the northeast quarter of the northwest quarter of section 5, township 21, range 10 east, and the southeast quarter of the southwest quarter of section 32, township 22, range 10 east, and that in November of 1891 the said R. C. Crafton with his wife conveyed the above-described premises to T. O. Crawley, and that T. O. Crawley, with his wife, conveyed the same in November, 1891, to J. A. Crafton the wife of R. C. Crafton and that by mistake of the scrivener who drew the deeds each of said deeds duly recorded respectively in book ——— page ——, of the recorder's office of said county in describing the northwest quarter of the southeast quarter of section 31, township 22, range 10, the same was written southwest quarter of southeast quarter of section 31, township 22, range 10.

"The court doth further find that the said R. C. Crafton, who was the owner of the said lands, intended that said conveyance to J. A. Crafton, his wife, was a conveyance in trust for him, the said R. C. Crafton, and all his heirs equally. And the court doth further find from the pleadings and evidence that R. C. Crafton died in September, 1901, and the court doth find, adjudge and decree that said deeds reading southwest quarter of southeast quarter of section 31, township 22, range 10 east, be corrected as to read northwest quarter of southeast quarter section 31, township 22, range 10 east. And the court doth further find, adjudge and

decree that all of the legal title to said lands were held and are held in trust by J. A. Crafton for the benefit of all the legal heirs of R. C. Crafton equally, and that judgment is for the plaintiffs, Alice Easley and Nancy Crawley and her husband T. O. Crawley, and the court doth adjudge and decree that Alice Easley as the daughter of R. C. Crafton, deceased, is entitled to an undivided one-eighth interest of all of said premises, and that Nancy Crawley as the daughter of R. C. Crafton, deceased, with her husband, T. O. Crawley, are entitled to an undivided one-eighth interest in and to all of said premises, and that Marshall Crafton, one of the defendants, as son of R. C. Crafton is entitled to an undivided one-eighth interest in and to said premises, and that defendant J. D. Crafton, as son of R. C. Crafton, is entitled to an undivided one-eighth interest, and that he is also by purchase entitled to an undivided four-eighths interest in and to all of said premises, and that plaintiffs are entitled to recover their costs herein expended from the defendants."

The consideration expressed in the deeds from R. C. Crafton to T. O. Crawley and from him to Mrs. J. A. Crafton were, in the former, $1200, and, in the latter, $1250. But it is conceded said deeds had in fact no pecuniary consideration, that the said R. C. Crafton remained in possession of the premises after the execution of the deeds and after the death of his said wife until his own death, the same as before, and that in said deeds, by mistake of the scrivener, the northwest quarter of the southeast quarter of section 31, township 22, range 10 intended to be conveyed was misdescribed as the southwest quarter of said section. In support of the trust set up in the petition, the plaintiffs introduced the said T. O. Crawley, husband of the plaintiff, Nancy Crawley, who testified on that subject as follows:

"Q. State why the conveyance was made from R. C. Crafton to you and from you to Mrs. Crafton? A. Well, it was made to me—he come to me and made the

proposition. . . . He wanted to make the land to me and me make it to his wife to hold in trust. . . .

"Q. What did you mean by saying that he intended to hold it in trust, and what caused you to have that understanding? A. In order to tell that, I will have to explain the conversation that took place between us.

"Q. All right. A. He came to me three times before I would accept the proposition, he came and told me he wanted to make these transfers, and I objected and it went on several days, and I accepted it; he said he wanted to deed Adline the land to hold in trust, and I told him I didn't want to be connected in this; that if he should die first I didn't want to be connected with this thing, and he said he intended to convey it in trust; I think he intended that all the children should have an equal interest in the land.

"Q. Did he state that he did not intend this as a gift to Mrs. Crafton? A. Yes, sir.

"Q. I will ask you to state to this court if he said it was his desire that all of his children should share equally in the matter? A. Yes, sir, he did.

"Q. I will ask you if he did not at that time enter into a co-operative mercantile business? A. Yes, sir. . . . .

"Q. Would you have participated in this and took part in it unless you had been promised repeatedly by R. C. Crafton and Mrs. Crafton that she would not take title in the land, except holding it to convey it back at any time they desired?

"The court: He has stated that once.

"Q. That is all."

And Richard Easley, husband of the plaintiff, Alice Easley, who testified as follows:

"Had heard R. C. Crafton say, after the death of Mrs. Crafton, that he was sorry he had the land in the shape it was; that he intended to change it back, if he had to sell it for taxes and buy it in.

"Q. Did you hear him say that he intended for

Mrs. Crafton to convey this land back to him?  A.  Yes, sir.

"Q.  Did you hear him say that it was his intention that all his children were to share equally in his land?  A.  Yes, sir, equal part."

And this was all the evidence tending to prove the trust set up in the plaintiffs' petition.  Whatever may be said of the weight of this evidence and of the competency of the main witness who delivered it, it was wholly insufficient to prove the express trust set up in the plaintiffs' petition.  Such a trust can only be "manifested and proved by some writing signed by the party who is, or shall be, by law, enabled to declare such trusts."  [R. S. 1899, secs. 3416-17.]  Resulting trusts, i. e., trusts which arise by implication of law, are excepted from the operation of this statute, and the facts from which such a trust may be implied by law may be proved by parol.  But no facts are set up in the petition in this case from which a resulting trust could be implied.  On the contrary, the whole claim that Mrs. J. A. Crafton held the lands in trust is based upon the alleged agreement between her and her husband at the time of the conveyance, that she would take the title for his protection, would hold it for the benefit of him and all of his heirs, and whenever desired by him would reconvey to him.  This is the sum and substance of the trust set up in the petition, and is, of course, an express trust, which under the statute is void unless manifested in writing as therein required.  [Hillman v. Allen, 145 Mo. 638.]  Hence, that part of the decree, holding that the said J. A. Crafton held the title to all the real estate in question in trust for the said R. C. Crafton and all his heirs equally, and adjudging that the plaintiffs are each entitled to an equal undivided one-eighth thereof, had no legal evidence to support it, and is erroneous.

We see no good reason, however, why that part of the decree correcting the mistake in the deeds should not be sustained.  [2 Beach, Mod. Eq. Juris., p. 549.]

Shorn of the incompetent evidence, the case presented is simply that of a husband with a large family, who, being about to engage in an unfamiliar business, by deed duly executed and delivered, conveys his real estate to his wife, thereby making provision for her in case of misfortune to himself. Such a deed had not a valuable, but it has a meritorious consideration as between them and their heirs, which brings it within the cognizance of a court of equity, and there is no good reason why an admitted mistake in the description of the property therein conveyed should not be corrected. [Hutsell v. Crewse, 138 Mo. 1.] In which case it was held that a deed made and delivered by a parent to his child as a provision for him has a meritorious consideration, and that the child was entitled to have a mistake therein corrected in an action against the other heirs of his deceased father. In that case it was urged that equity will not lend its assistance to the enforcement of a voluntary executory contract, but the court replied: ''The answer to this contention is obvious. The deed makes provision for a child, and therefore has a meritorious consideration which entitles it to the protection of a court of equity, and having been delivered and the land being susceptible of identification *aliunde*, the contract is executed, and the title passed.'' Of course, the title, in contemplation of a court of equity, was meant. In such case the contract is not purely voluntary, and the court does not enforce an executory contract. The deed is but the evidence of an executed contract founded upon a meritorious consideration, and it simply corrects the evidence of that contract so as to make it conform to the contract as actually made and executed. The deeds to the wife in this case have a consideration equally meritorious in the eye of a court of equity. [Newland on Contracts, p. 70.] And upon the same principle the mistake in them ought to be corrected. [2 Story's Equity (13th Ed.), 793 b.; Adams' Equity, (8 Ed.), pp. 97-98.]

Hence, we conclude that the judgment and decree of the circuit court herein ought to be reversed; that a proper decree correcting the mistake aforesaid in the deeds aforesaid should be rendered; and the plaintiffs' bill dismissed; and, that this may be done, the case is remanded to the circuit court with directions to render such decree.

All concur.