JOHN T. PARTRIDGE et al., Appellants, v. ELIZA-
BETH PARTRIDGE, et al.

Division Two, May 18, 1909.

1. **PRIEST: Competency as Witness.** Where the notary who took deceased's acknowledgment to the deed sought to be reformed, was also a priest and his spiritual adviser, he is not incompetent to testify that deceased intended to convey a certain tract and that through mistake he omitted a description of the subdivisions of the section in which it was stated to lie, if it nowhere appears in the testimony that said notary was consulted in his capacity as a priest.

2. **CONVEYANCES: Meritorious Consideration: Reformation in Description.** A deed from a husband to his wife is supported by a meritorious consideration that is entitled to the protection of a court of equity, being a provision for her support, and not a gratuity; and having been delivered in his lifetime and the land being susceptible of identification *aliunde*, the description will be so reformed as to convey the land actually intended to be conveyed by the deed.

220 Sup—21

Appeal from Nodaway Circuit Court.—*Hon. Wm. C. Ellison*, Judge.

AFFIRMED.

*George W. Partridge* and *Joseph H. Sayler* for appellants.

(1)   The alleged deed of March 7, 1895, from James M. Partridge and Elizabeth, his wife, to Agnes Smith, purporting to convey all their undivided shares in the eighty acres of land situate in section 33, township 64, range 34, was absolutely void, and should not have been admitted in testimony.  Mudd v. Dillon, 166 Mo. 110; Dixon v. Finnegan, 182 Mo. 111.   (2)   The defective description of the land in the alleged deed is a patent ambiguity and extrinsic evidence is not admissible to remove such ambiguity.   Mudd v. Dillon, 166 Mo. 120; Williams v. Husky, 192 Mo. 333, 24 Am. and Eng. Ency Law, 653; 1 Jones on Real Property, sec. 23.   (3)   And where such a deed is voluntary one to a conduit of title, or a gift, a court of equity will not enforce it or undertake to correct it.   Ford v. Unity Church Society, 120 Mo. 498; Pitts v. Weakly, 155 Mo. 133; Shroyer v. Nickoll, 55 Mo. 264.   (4)   Where one of the original parties to the contract or cause of action in issue and on trial is dead, other parties to such contract or cause of action shall not be admitted to testify, nor can an attorney or minister who acts as a legal and spiritual adviser testify concerning land which the grantor intended to convey, as they are confidential communications.   Sweet v. Owens, 109 Mo. 1; In re Estate Soulard, 141 Mo. 642; R. S. 1899, secs. 4652 and 4659.   (5)   Where the finding and judgment of the court is without evidence to support it, the appellate court will reverse the judgment.   Howard v. Coshow, 33 Mo. 118; Rontsong v. Railroad, 45 Mo. 236; More v. Hutchison, 69 Mo. 429; McCartney v. Finnell, 106 Mo. 453; Flanders v. Green, 50 Mo. App. 371.

*T. A. Cummins* for respondents.

The deed from James M. Partridge and Elizabeth Partridge, his wife, is not void and was properly admitted in testimony. Partridge owned an interest in but one eighty acres of land in section 33, or any other section. It was susceptible .of identification, and the title passed. Such a deed may not have a valuable consideration, but has a meritorious  consideration. The case is simply that of a husband with small means making provision for his wife in her old age, and there is no good reason why an admitted mistake in the description of the property therein conveyed should not be corrected. Hutsell v. Crewse, 138 Mo. 1. The deed is but the evidence of an executed contract, founded upon a meritorious consideration, and the court simply corrects the evidence of that contract so as to make it conform to the contract as actually made and executed. Hutsell v. Crewse, supra; Crawley v. Crafton, 193 Mo. 421; Newlands, Contracts, p. 70; 2 Story's Equity (13 Ed.), 793; Adams' Equity (8 Ed.), pp. 97, 98.

GANTT, P. J.—This is a suit by the children and heirs at law of James M. Partridge, deceased, for partition of the south half of the southwest quarter of section 33, township 64, range 34, in Nodaway county, against Elizabeth Partridge, widow of said James M. Partridge, deceased, and her children by a former marriage with John C. Smith, deceased.

Plaintiffs state and the evidence tended to show that the said John C. Smith died seized of the said tract of land, leaving as his widow, Elizabeth Smith, since intermarried with and now the widow of James M. Partridge, and the following named children, to-wit:  Richard Smith, Margaret Smith, Mary Smith, Anna Smith and Agnes Smith.

John C. Smith, by his last will, duly probated, devised this land to his said widow and children, in equal shares. After the marriage of Mrs. Smith to James

M. Partridge and during said marriage James M. Partridge purchased the undivided one-sixth interest of Richard and Margaret Smith, two of said devisees, being an undivided two-sixths of said tract. Afterwards on March 7th, 1895, James M. Partridge, having no other property than said one-third of said eighty acres, attempted to convey the same to his wife, said Elizabeth Partridge, but as is alleged, by mistake of the scrivener the interest of said James M. Partridge was described as "all their undivided shares in the eighty acres of land situated in section 33, township 64, range 34, in the county of Nodaway, and State of Missouri." This deed was made to Agnes Smith as a conduit, and the said Agnes then conveyed the same to her mother, but the last mentioned conveyance was never recorded and was lost, but the said Agnes Smith, who was at the time intermarried with one Doran, executed and delivered to her mother another deed to said interest in order to perfect the title of record, in said Elizabeth. James M. Partridge died in 1898, and the said Elizabeth has been in the actual and exclusive possession of said tract up to the commencement of this suit in November, 1905. In their answer defendants ask to have the deed of James M. Partridge to Agnes Smith for said Elizabeth Partridge corrected and reformed in the description of said land, so as to conform to the intention and agreement of said James M. Partridge, and so that the same shall read: "All their undivided shares in the eighty acres of land situated in section 33, township 64, range 34, being the south half of the southwest quarter of said section." The circuit court decreed a correction of said deed and found that plaintiffs, as the heirs at law of James M. Partridge, had no interest or title in said tract and dismissed their bill. From this decree the plaintiffs appeal.

I.  The evidence tended to prove and so the circuit court found that James M. Partridge had no title

or interest in any other land in section 33, township 64, range 34, in Nodaway county, save and except the two-sixths of the eighty acres, involved in this suit, to-wit, the south half of the southwest quarter of said section 33. The testimony of the notary public, who drew the deed and took the acknowledgment, was clear that it was the intention of Mr. Partridge to convey his said interest in this particular eighty acres to his wife, and the notary intended to so write the deed, but by mistake he omitted to describe the part of the section intended to be conveyed.

It is insisted by the plaintiffs that the notary was incompetent to testify because he was a priest and spiritual adviser of Mr. Partridge at the time he drew the deed and took the acknowledgment. We think this objection is untenable, for the reason that it nowhere appears in the testimony that the notary was consulted in his capacity as a priest, but was called simply in his character as a notary public. Conceding that the description is defective and uncertain, the question arises as to the power of a court of equity to correct this mistake under the facts in evidence in this case. It is unquestionably true that a mere agreement to give land will not be enforced against the donor upon proof alone of the promise to give, whether the promise be oral or in writing, for the reason that as the obligation rests alone upon the promise of the donor, he may revoke it, and equity will not compel a performance. [Anderson v. Scott, 94 Mo. 637; Brownlee v. Fenwick, 103 Mo. 1. c. 428.] But the principle invoked by the defendant Mrs. Partridge in this case is that while a court of equity will not undertake to enforce a mere gratuity, yet where there is a meritorious consideration, as between the grantor and the grantee, a court of equity will take cognizance of the mistake and correct the same. Thus, in Hutsell v. Crewse, 138 Mo. 1, it was ruled that a deed made and delivered by a parent to his minor children for

the purpose of making provision for such children has a meritorious consideration that entitled it to the protection of a court of equity. And the deed having been delivered and the land being susceptible of identification *aliunde,* the contract was executed and the title passed. In Crawley v. Crafton, 193 Mo. l. c. 432, the decision in Hutsell v. Crewse, supra, was reaffirmed. And it was explained that the expression used in that case to the effect that "the title passed," meant the title in contemplation of a court of equity was passed; that in such a case the contract was not purely voluntary, and the court did not enforce the executory contract. That the deed was but the evidence of an executed contract founded upon a meritorious consideration and the decree simply corrects the evidence of that contract so as to make it conform to the contract as actually made and executed, and that the deed to the wife was based upon a consideration equally meritorious in the eye of a court of equity. And in support of that ruling this court cited 2 Story's Equity (13 Ed.), 793b; Adams' Equity (8 Ed.), pages 97 and 98, which fully sustained the decision of the court in that case. The evidence in this case leaves no doubt that James M. Partridge, recognizing his obligation to his wife and having no other property than this one-third of this eighty acres of land, sought to make a slight provision for her support in case of his death, and the case is brought clearly within the principle of the authorities above cited. We think the evidence fully justified the decree of the court and upon the clearest principles of equity, the description of the property ought to have been and was properly corrected, and when so corrected, it is evident that the plaintiffs had no title in equity and justice to any portion of this land, and the decree dismissing their bill was proper, and it is accordingly affirmed.

*Burgess* and *Fox, JJ.,* concur.